MARGARET B. McLEOD v. W. L. McLEOD.

(Filed 14 January, 1966.)

**1. Husband and Wife § 10; Judgments § 34—**

A consent judgment embodying the separation agreement executed by the parties is *res judicata* as to all matters embraced therein except for the provisions for the custody and support of the minor children, and such judgment cannot be modified or set aside without the consent of the parties thereto except for fraud or mutual mistake.

**2. Pleadings § 12—**

A demurrer admits for its purposes the truth of the factual averments of the complaint well stated and relevant inferences of fact reasonably deducible therefrom, but not inferences or conclusions of law.

**3. Same—**

Upon demurrer, a complaint will be liberally construed with a view to substantial justice between the parties, giving the pleader the benefit of every reasonable intendment in his favor.

**4. Husband and Wife § 12; Judgments § 24—**

Where, in the wife's action attacking a consent judgment of separation, she does not allege failure of the husband to deposit the initial amount specified in the separation agreement or his failure to pay the monthly payments provided therein, it will be assumed that the husband had paid these amounts in accordance with the agreement and that the wife had accepted those benefits.

**5. Same—**

The wife's allegation that the husband fraudulently represented that she would have to move from the municipality in which they had resided in order that he might continue to live there and practice his profession in order to earn the money to pay her the support stipulated in the separation agreement executed by the parties, *held* insufficient ground to attack the consent judgment for fraud, since an essential element of fraud is that the person deceived must have reasonably relied upon the misrepresentation and have acted upon it.

**6. Same—**

Where a separation agreement embodied in the consent judgment executed by the parties makes meticulous provision for the support and maintenance of the wife and children of the marriage, presumably complied with, the fact that the husband had not, in the short period of several months, complied with a further provision of the judgment that he deliver to the wife a paid-up policy of insurance on his life, is not ground for attacking the judgment for fraud.

**7. Divorce and Alimony § 21—**

Where the provisions of a separation agreement are embodied in a consent judgment, the wife has the remedy of a motion in the cause for contempt if the husband wilfully refuses to comply with its terms.

**8. Lis Pendens—**

An action seeking to set aside for fraud a consent judgment embodying the provisions of the separation agreement is not an action affecting title to real property within the meaning of G.S. 1-116, notwithstanding the fact that if the consent judgment is set aside the wife would have rights in the husband's real estate in the event she should survive him.

APPEAL by plaintiff from Brock, S.J., in Chambers, in Wadesboro, North Carolina, on 10 July 1965. From STANLY.

This action was instituted by plaintiff on 24 June 1965. In her complaint, plaintiff alleges two causes of action. This is a summary of the allegations of fact of her first cause of action: Plaintiff and defendant are husband and wife. They were married on 15 July 1939. On 18 December 1964 defendant here instituted in the Superior Court of Stanly County an action for divorce from bed and board from plaintiff here, Summons Docket No. 4773, a copy of which complaint is attached hereto and made a part hereof as if fully set out herein. On 1 March 1965 plaintiff here filed an answer to defendant's cause of action for divorce from bed and board, in which she set up a cross-action or counterclaim for alimony without divorce. A copy of her answer and cross-action or counterclaim is attached hereto and made a part hereof as if fully set out herein. Immediately after the plaintiff here filed her answer and cross-action, defendant here proposed to plaintiff here that they settle all matters and things between them. Plaintiff here and defendant here entered into a consent judgment, which is attached hereto, marked Exhibit "C", and made a part hereof as if fully set out herein. This consent judgment is as follows:

"NORTH CAROLINA                    IN THE SUPERIOR COURT
STANLY COUNTY

"W. L. McLeod, Plaintiff,
               v.                    CONSENT JUDGMENT
"MARGARET B. McLeod, Defendant.

"THIS CAUSE coming on to be heard and being heard before his Honor John D. McConnell, Resident Judge of the 20th Judicial District of North Carolina, in Chambers at Wadesboro, North Carolina, by consent of the parties, and it appearing to the Court that the parties and their counsel have agreed upon a settlement of all matters and things alleged in the complaint and answer; that the plaintiff and the defendant were married to each other on the 15th day of July, 1939; that there were three children born of the marriage: Marion M. Coble, born

the 24th day of December, 1940, age 24 years; Harriet Mc-
Leod, born the 9th day of November, 1947, age 17 years; Mar-
garet Louis McLeod, born the 25th day of September, 1955,
age 9 years; that the plaintiff and the defendant separated on
the 29th day of August, 1964, and since said time have lived
continuously separate and apart from each other.

"And it further appearing to the Court that both the plain-
tiff and the defendant are fit and proper persons to have the
custody and control of the minor children born of said mar-
riage;

"And it further appearing to the Court that the parties and
their counsel have agreed upon a settlement of the property
rights, maintenance, alimony and custody;

"It Is Therefore, by consent, Ordered, Adjudged and De-
creed:

"1.  That the plaintiff and the defendant shall continue to
live separate and apart from each other free of the marital con-
trol of the other and that they and each of them may engage
in such occupation, work or employment as he or she may deem
fit and desirable without the interference of the other.

"2.  That Margaret B. McLeod, mother, be, and she is
hereby awarded the sole custody and control of Margaret Louis
McLeod so long as the said Margaret B. McLeod conducts and
demeans herself as a fit and proper mother.

"3.  That W. L. McLeod, father, be, and he is hereby
awarded the sole custody and control of Harriet McLeod so
long as said W. L. McLeod conducts and demeans himself as
a fit and proper father.

"4.  That W. L. McLeod, plaintiff, shall deposit simul-
taneously with the entry of this judgment the sum of $10,000.00
in the Home Savings and Loan Association at Albemarle,
North Carolina, in the name of Margaret B. McLeod and
Marion M. Coble for the use and benefit of Margaret B. Mc-
Leod provided that said money may be withdrawn for any
purpose, including the purchase of a home for Margaret B.
McLeod provided that each withdrawal shall be at the re-
quest of both Margaret B. McLeod and Marion M. Coble, and
that W. L. McLeod shall on or before the 1st day of March,
1967, deposit an additional $5,000.00 in said account to be
used and expended for the use and benefit of Margaret B. Mc-
Leod as hereinbefore set forth; provided, however, W. L. Mc-
Leod shall be the owner of the funds, if any, which may be re-
maining in said account upon the death of Margaret B. Mc-
Leod.

"5. That W. L. McLeod shall pay to Margaret B. McLeod the sum of $375.00 per month beginning with the 10th day of March, 1965, and a like sum of $375.00 on or before the 10th day of each calendar month thereafter for and during the natural life of Margaret B. McLeod or until she shall remarry, provided that in the event the plaintiff, W. L. McLeod, shall become disabled to practice his profession and to earn a living, the payment herein provided shall be adjusted upon mutual agreement between the parties according to the conditions existing at such time.

"6. That W. L. McLeod shall make provisions for the purchase of all clothes and formal education of his daughter Margaret Louis McLeod commensurate with her needs, in addition to the sums provided for in paragraph 5 above. Margaret B. McLeod shall have the right to purchase said clothes.

"7. That Margaret B. McLeod shall move from within the corporate limits of the Town of Norwood and turn over the possession of the residence of the parties now occupied by her in Norwood, North Carolina, to W. L. McLeod on or before the 1st day of June, 1965, provided that Margaret B. McLeod shall be the sole owner of and entitled to remove from said residence the following described property on or before the said 1st day of June, 1965; everything in the living room, her bedroom furniture, color television, portable television, dining-room furniture, den furniture, dinette suite, Margaret Louis' bedroom furniture, the red chair in the hall, all china, silver and crystal and any lamps which she may want, her personal books and pictures, the fire screen, fountain and bird bath in the back yard, the deep freeze, stove and all of her personal clothing and effects.

"8. That W. L. McLeod, plaintiff, shall within thirty days from the date of this instrument, deliver to Margaret B. McLeod a $20,000 paid-up life insurance policy on his life, payable to Margaret B. McLeod as the principal beneficiary and to Marion M. Coble, Harriet McLeod and Margaret Louis McLeod as contingent beneficiaries in the event of the death of said Margaret B. McLeod.

"9. That W. L. McLeod may visit with Margaret Louis McLeod and that Margaret B. McLeod may visit with Harriet McLeod at any time or any place where said children may be and further that said children may visit with their father and mother at any time that they may choose. It is intended that the visitation privileges and rights of each party shall be liberal and that the children may at such time as they choose

visit with their respective parents so long as it does not interfere with their school work. It is further provided that Margaret Louis McLeod may visit with her father at least one week-end each month and that Harriet McLeod may visit with her mother at least one week-end each month and at such other times as may be agreeable between the parties hereto.

"10. That W. L. McLeod shall provide for the formal education of both Margaret Louis McLeod and Harriet McLeod.

"11. That Margaret B. McLeod shall release W. L. McLeod from any and all rights that she may have the property or earnings of the said W. L. McLeod except as herein provided and that W. L. McLeod shall release Margaret B. McLeod from any rights he may have in the property or earnings of the said Margaret B. McLeod except as herein provided and that each party shall hold and convey property as if he or she were sole and unmarried.

"12. That the plaintiff pay the costs, if any, to be taxed by the Clerk.

"13. That this judgment is entered without prejudice to either W. L. McLeod or Margaret B. McLeod and that after two years' separation either of the parties may institute an action for absolute divorce from each other on said grounds.

"14. That either party shall execute, upon request of the other, any instrument which may be necessary to carry out the full intent and purpose of this judgment.

"15. That the parties to this action may withdraw their respective pleadings in this cause and remove the same from the court record.

"John D. McConnell, Judge,
Twentieth Judicial District.
Margaret B. McLeod
Margaret B. McLeod, Defendant
Hartsell, Hartsell & Mills
by: William L. Mills, Jr.
Attorneys for the Defendant.

We Consent to the Foregoing Judgment:

W. L. McLeod
W. L. McLeod, Plaintiff
Morgan, Williams & DeBerry
by: Robert B. Morgan
McLeod and McLeod
by: Max E. McLeod
Attorneys for the Plaintiff."

McLeod *v.* McLeod.

This matter was never heard before Judge McConnell, who signed the consent judgment, and plaintiff's consent to this consent judgment was obtained by and as the result of fraudulent representations of the defendant here, as follows: Defendant fraudulently represented to plaintiff that she would have to move from within the corporate limits of the town of Norwood in order that he may continue the practice of his profession as a doctor in said town so as to make the monthly payments which he had agreed to pay to plaintiff for her support, that he intended to continue to live in the town of Norwood and practice his profession so as to comply fully with the provisions of said consent judgment. Such representations were false when made because he at that time was making plans to abandon the practice of medicine in Stanly County, North Carolina, and to sell all of his property holdings within the State of North Carolina and to leave the State of North Carolina, in order to avoid the jurisdiction of the courts of this State, and to avoid payments of any sums which he had agreed to pay under the provisions of said consent judgment; that said false representations were made by him with full knowledge of their falsity and with the fraudulent intent to deceive and defraud plaintiff; that he had no intention of complying with the provisions of this consent judgment when he entered into it; and that he has failed and refused to comply with all the provisions of said consent judgment. Plaintiff reasonably relied upon such false and fraudulent representations of defendant, and has been deceived thereby and caused to suffer loss. Defendant has given up the practice of medicine in Stanly County, North Carolina, and is in the process of disposing of all of his property and assets within the State of North Carolina, and is making plans to move his residence and all of his property holdings to the State of Kentucky. By reason of defendant's false and fraudulent representations, plaintiff did, under the terms of the consent judgment, relinquish all right, title, and interest which she might have in and to the property which defendant accumulated by and with her assistance during their married life. Defendant has failed and refused to deliver to plaintiff the $20,000 paid-up life insurance policy, and has otherwise breached and failed to comply with the terms and provisions of this consent judgment.

Plaintiff is 50 years of age, has a life expectancy of more than 23 years, and might reasonably expect to receive from defendant a sum in excess of $100,000 under the terms and provisions of this consent judgment, if defendant were to comply fully with its terms and provisions. If defendant is permitted to remove himself and all of his property from the jurisdiction of the State of North Carolina, plaintiff will be destitute and without legal remedy as against de-

fendant. By reason of the false and fraudulent representations of the defendant, the plaintiff released defendant from his obligation to support her, except to the extent set forth in the consent judgment, and has released all of her property rights, and has been damaged in the sum of $100,000. Plaintiff does not have an adequate remedy at law to prevent defendant from disposing of his property and leaving the State of North Carolina so as to avoid his legal marital obligations to plaintiff.

For a second cause of action plaintiff alleges a cause of action for alimony without divorce, for counsel fees, and for an order granting her the custody of the two minor children born of the marriage.

Plaintiff prays for relief as follows: (1) That the consent judgment entered in the action entitled *"W. L. McLeod, Plaintiff v. Margaret B. McLeod, Defendant,"* Summons Docket No. 4773, in the Superior Court for Stanly County, North Carolina, be vacated and stricken from the record; (2) that an order be entered granting plaintiff reasonable subsistence and counsel fees *pendente lite;* (3) that plaintiff be awarded permanent alimony without divorce in such amount as may be proper according to defendant's circumstances, and for counsel fees; (4) that an order be entered granting the plaintiff custody and control of the minor children born of the marriage; (5) that an order be entered by the court enjoining defendant from giving away, conveying, or otherwise disposing of any property which he may now own, real or personal, and from removing any property from the jurisdiction of the State of North Carolina, and from removing the minor children born of the marriage from the jurisdiction of the courts of the State of North Carolina; and (6) that plaintiff have and recover of defendant damages in the sum of $100,000.

On 24 June 1965 plaintiff filed in the office of the clerk of the Superior Court for Stanly County a notice of *lis pendens,* under the provisions of G.S. 1-116.

Defendant filed on 10 July 1965 with Judge Brock what he calls "Motion and Demurrer." He demurred to plaintiff's first cause of action on the following grounds:

1. The first cause of action set forth in the complaint does not state facts sufficient to constitute a cause of action against defendant for that: (a) The first cause of action is a collateral action seeking to set aside the consent judgment for fraud, and the only and proper remedy to attack the validity of said judgment is by a motion in the cause; (b) the allegations in the first cause of action "that the defendant fraudulently represented to the plaintiff that she would have to move from within the corporate limits of the

Town of Norwood in order that the defendant may continue the practice of his profession in said town so as to make the monthly payments which he had agreed to pay to the plaintiff for her support; that he, the defendant, intended to continue to live in the Town of Norwood, County of Stanly and practice his profession so as to fully comply with the provisions of said agreement" do not constitute fraud or factual misrepresentations; (c) plaintiff's first cause of action does not state a substantial violation of said consent judgment, even if true, for it appears from the face of the complaint that plaintiff has accepted partial benefits by reason of said consent judgment, and, therefore, plaintiff is not entitled to vacate said judgment for fraud; and further, it is not alleged that time was of the essence in the delivery of said policy of $20,000 paid-up life insurance; and (d) plaintiff has not alleged that she is in a position or is willing to restore defendant to the same position as he was in prior to the entering into of the consent judgment.

2. Defendant demurred to the second cause of action set forth in the complaint on the following grounds: At the time this action was instituted in Stanly County, North Carolina, there was pending and is now pending in said county another action begun prior to this action between the same parties for the same cause of action.

3. That an order be entered directing a cancellation of the *lis pendens* filed in this action because this statute is not applicable.

This cause came on to be heard in Chambers at Wadesboro, North Carolina, on 10 July 1964 before Judge Brock upon a motion by plaintiff to enjoin defendant from disposing of his real and personal property or removing it from the jurisdiction of the State, upon motion to grant custody of the minor children of the marriage to plaintiff, and upon defendant's "Motion and Demurrer." Judge Brock found the following facts: (1) The allegations contained in the complaint for a first cause of action failed to allege sufficient facts to set up a cause of action for fraud; (2) the allegations contained in the complaint for a second cause of action are the same as those contained in the counterclaim for relief in an action entitled *"W. L. McLeod, Plaintiff v. Margaret B. McLeod, Defendant,"* bearing Summons Docket No. 4773; (3) plaintiff has caused a notice of *lis pendens* to be filed in the office of the clerk of the Superior Court of Stanly County on 24 June 1965; and (4) this is an independent action to set aside a consent judgment heretofore entered in the said action entitled *"W. L. McLeod, Plaintiff v. Margaret B. McLeod, Defendant,"* and that it appears from the

face of the complaint that there are no material allegations of
fraud.

The foregoing facts are based upon the verified complaint filed
in this case, the summons, the notice of *lis pendens,* and the exhibits
to the verified complaint which includes copies of verified plead-
ings filed in the separate action hereinabove referred to.

Based upon his findings of fact, Judge Brock made the follow-
ing conclusions:

"1.  That the Complaint fails to allege a cause of action.

"2.  That the plaintiff has a remedy by motion in the cause
in the original action hereinabove referred to.

"3.  That there is no cause of action to support the filing
of the *Lis Pendens* filed in this cause.

"4.  That the defendant's demurrer and motion to dismiss
should be allowed."

Whereupon, Judge Brock ordered and decreed as follows:

"1.  That this action be dismissed with the costs charged
by the Clerk of Stanly County against the plaintiff, if the
plaintiff does not amend.

"2.  That the notice of *Lis Pendens* be stricken from the
record in the office of the Clerk of Stanly County.

"3.  That the plaintiff be allowed 10 days within which to
amend her complaint."

From Judge Brock's order, plaintiff appeals.

*Hartsell, Hartsell & Mills by William L. Mills, Jr.; and K.
Michael Koontz for plaintiff appellant.*

*Morgan and Williams by Charles R. Williams for defendant
appellee.*

PARKER, J.  Plaintiff's first assignment of error is "The court
erred in its finding of fact and conclusion that the complaint fails
to allege a cause of action and the dismissal thereof."

Judge Brock's order adjudges and decrees that the action be
dismissed, "if the plaintiff does not amend," and his order allows
plaintiff ten days within which to amend her complaint.

Plaintiff does not challenge Judge Brock's finding of fact "that
the allegations contained in the complaint for a second cause of ac-
tion are the same as those contained in a counterclaim for relief in
an action entitled '*W. L. McLeod, Plaintiff v. Margaret B. Mc-*

*Leod, Defendant,'* bearing Summons Docket No. 4773." According to this unchallenged finding of fact, plaintiff's second cause of. action here has been adjudicated by the consent order signed by Judge McConnell, and this appears on the face of the complaint and the consent order and the pleadings in that action, which are attached to the complaint and made a part thereof, and can be considered on the demurrer. *Moore v. W. O. O. W., Inc.,* 253 N.C. 1, 116 S.E. 2d 186; *Coach Lines v. Brotherhood,* 254 N.C. 60, 118 S.E. 2d 37. Generally, a consent judgment is *res judicata* as between the parties upon all matters embraced therein. 3 Strong, N. C. Index, Judgments, § 34, and same section under judgments in his Supplement to Volume 3. To this general rule there appears to be an exception that neither agreements nor adjudications for the custody or support of a minor child are ever final. *Bunn v. Bunn,* 262 N.C. 67, 136 S.E. 2d 240; *Stanback v. Stanback,* 266 N.C. 72, 145 S.E. 2d 332.

Plaintiff's entire argument in her brief in reference to this assignment of error is in essence that a consent judgment can be vacated for fraud, and that to do this an independent action must be instituted, and that her complaint, liberally construed, alleges a cause of action to vacate the consent judgment signed by Judge McConnell for fraud; in her brief she does not discuss her second alleged cause of action.

In *Holden v. Holden,* 245 N.C. 1, 95 S.E. 2d 118, it is said: "It is a well-settled principle of law in this jurisdiction that ordinarily a consent judgment cannot be modified or set aside without the consent of the parties thereto, except for fraud or mutual mistake, and in order to vacate such order, an independent action must be instituted." 3 Strong, N. C. Index, Judgments, § 25, p. 38.

It is familiar learning that a demurrer admits, for the purpose of testing the sufficiency of the pleading, the truth of the factual averments well stated and the relevant inferences of fact reasonably deducible therefrom, but a demurrer does not admit inferences or conclusions of law. Upon a demurrer a pleading will be liberally construed with a view to substantial justice between the parties, giving the pleader the benefit of every reasonable intendment in his favor. 3 Strong, N. C. Index, Pleadings, § 12.

Margaret B. McLeod in the action in which the consent judgment was entered was represented by eminent and learned counsel. An examination of the consent judgment, which we have copied in full in our opinion, shows careful and meticulous provisions were made for the maintenance and support of plaintiff and the two minor children born of the marriage. The date when Judge McConnell and the parties and their counsel signed it is not shown. How-

ever, it does appear from the record that Margaret B. McLeod's answer, in the action in which the consent judgment was entered, was filed on 1 March 1965. The instant action was commenced by her on 24 June 1965. It would seem that according to the provisions of paragraph 4 of the court's order and decree in the consent judgment that W. L. McLeod has deposited the sum of $10,000 in the Home Savings and Loan Association at Albemarle, North Carolina, for the use and benefit of Margaret B. McLeod, that according to the provisions of paragraph 5 of the court's order and decree that he has made the payments of $375 a month to Margaret B. McLeod, because plaintiff in her complaint has not alleged those things have not been done.

In our opinion, and we so hold, considering all the provisions and terms of the separation agreement, that defendant's alleged fraudulent representations that plaintiff would have to move from within the corporate limits of the town of Norwood in order that the defendant may continue the practice of his profession in said town so as to make the monthly payments which he had agreed to pay to the plaintiff for her support, that he, the defendant, intended to continue to live in the town of Norwood and practice his profession so as to fully comply with the provisions of said agreement, do not permit the legitimate inference that defendant by such alleged fraudulent representations induced plaintiff to enter into the consent judgment with all its specific provisions, which but for these misrepresentations she would not have done. One of the essential elements of actionable fraud is "that plaintiff reasonably relied upon the representation, and acted upon it." *Cofield v. Griffin*, 238 N.C. 377, 78 S.E. 2d 131. Defendant's mere failure within 30 days from the date of the consent judgment to deliver to plaintiff a $20,000 paid-up life insurance policy on his life payable to Margaret B. McLeod as the principal beneficiary, etc., as set forth in paragraph 8 of the order and decree of the consent judgment does not constitute actionable fraud, particularly as so short a time has elapsed between the signing of the consent judgment and the institution of the instant action. This is said in *Joyner v. Joyner*, 264 N.C. 27, 140 S.E. 2d 714, and quoted with approval in *Van Every v. Van Every*, 265 N.C. 506, 144 S.E. 2d 603: " 'The courts will subject the wife's claim of fraud, duress, or undue influence to a far more searching scrutiny where she was represented by counsel in the making of the agreement and throughout the negotiations leading up to its execution.' Lindey, Separation Agreements § 28IX (1937 Ed.)." Judge Brock was correct in concluding that plaintiff's complaint fails to allege sufficient facts to constitute a cause of action.

Plaintiff's second assignment of error is: "The court erred in its conclusion that the plaintiff has a remedy by motion in the cause in the original action referred to in the pleadings. . . ." This assignment of error is overruled. The consent judgment here will support contempt proceedings, if W. L. McLeod wilfully refuses to comply with what Judge McConnell ordered and decreed that he should do. *Bunn v. Bunn, supra; Smith v. Smith,* 247 N.C. 223, 100 S.E. 2d 370; 2 Strong, N. C. Index, Divorce and Alimony, § 21, p. 113.

Plaintiff's third and last assignment of error is: "The court erred in its conclusion that there is no cause of action to support the filing of a *Lis Pendens* and by striking the *Lis Pendens* from the record." Plaintiff's argument in support of this assignment of error is thus stated in her brief:

" '(1)   Actions affecting title to real property.'

"The plaintiff respectfully contends that if the defendant should die intestate while she and the defendant are still married, and if she is the lawful and legal spouse of the defendant on such occasion, she would be entitled to make an election as provided by G.S. 29-30, and that it is incumbent upon her with the Consent Judgment on file in the Office of the Clerk of the Superior Court for Stanly County to put all persons on notice, desiring to consummate any real property transactions with the defendant, as to her contentions relating to their marital status which may affect title to real property conveyances."

Her contention is that this is an action affecting title to real property. With that contention we do not agree. This is not an action of a type in which G.S. 1-116 permits the filing of a notice of *lis pendens,* and, therefore, the order of Judge Brock concluding that this is no cause of action to support the filing of the *lis pendens* filed in this case and striking it from the record in the office of the clerk of Stanly County was correct. For a clear and scholarly discussion of the doctrine of *lis pendens* by Lake, J., under the statute law of this State, see *Cutter v. Realty Co.,* 265 N.C. 664, 144 S.E. 2d 882.

The order of Judge Brock is
Affirmed.