DIANE J. BONAVIA v. SAMUEL R. TORRESO AND INEZ TORRESO

No. 691DC448

(Filed 17 December 1969)

**1. Pleadings § 19— demurrer — consideration of facts not in pleading**
    In passing upon a demurrer the court may not consider any fact not appearing in the pleading and the legal instruments incorporated therein.

**2. Pleadings § 19—   effect of demurrer**

   A demurrer admits, for the purpose of testing the sufficiency of the pleading, the truth of factual averments well stated.

**3. Divorce and Alimony § 22;    Infants § 8—    child custody proceeding — jurisdiction of district court — physical presence in State**

   In this child custody proceeding instituted in the district court, the complaint is not demurrable for lack of jurisdiction on the ground that it appears on the face of the complaint that the child is a resident of Connecticut, it not so appearing on the face of the complaint, and the district court having jurisdiction since it appears on the face of the complaint that the child is physically present in this State. G.S. 50-13.5(c) (2)(a), G.S. 50-13.5(a) and (b), G.S. 7A-244.

**4. Divorce and Alimony § 22;    Infants § 8;    Constitutional Law § 26— child custody proceeding — adopted child — full faith and credit — demurrer**

   In this child custody proceeding, the complaint is not subject to demurrer on the ground that plaintiff is claiming custody of an adopted child and seeks to attack an adoption judgment of another state which is entitled to full faith and credit under Art. 4, Sec. 1, of the U. S. Constitution, where plaintiff alleges circumstances under which she signed a purported consent to adoption, but it does not appear on the face of the complaint that an adoption proceeding was ever instituted or completed in this or any other state.

**5. Pleadings § 22—   speaking demurrers**

   Defendant's demurrer to the complaint in this child custody proceeding is a "speaking demurrer" since it invokes the aid of supposed facts which do not appear in the complaint.

APPEAL by plaintiff from *Privott, District Judge,* at the May 1969 Session of DARE District Court.

In her complaint filed 28 February 1969, plaintiff alleges. (summarized unless otherwise indicated)

Plaintiff is a resident of Dare County, North Carolina, and defendants are residents of the State of Connecticut. Plaintiff is the mother of Lisa Danielle Torreso (Lisa) who was born on 2 January 1961. The feme defendant is plaintiff's mother and the male defendant is plaintiff's stepfather.

"V.   That plaintiff, during the latter part of the year 1961, after many months of mental pressure, accompanied by many threats of physical harm directed at the plaintiff by the defendants, signed a paper while not in the exercise of her own free will, which is purported to have been a consent to adoption. That defendants threatened that if plaintiff, unmarried at that time, did not sign the paper, the defendants had made arrangements to have the plaintiff com-

mitted to an institution for the insane; and that plaintiff was so constantly harassed with threats by the defendants that her free will and judgment was deprived her."

In August 1968, pursuant to a telephone call to plaintiff from her mother, plaintiff and her husband went to Connecticut, got Lisa and her clothes and brought her back to North Carolina where plaintiff entered Lisa in school at Buxton. Plaintiff is now married and she and her husband have a six-year-old son. Plaintiff's husband is gainfully employed and makes proper provision for himself, plaintiff and the two children. The four of them enjoy many family activities together including religious worship services.

Defendants have had extensive marital difficulties, including quarrels, physical violence, and numerous separations, all of which have had an adverse effect on Lisa's physical and mental health. Plaintiff and her family are highly regarded in their community and Lisa's best interests would be served if her custody were awarded to plaintiff. Plaintiff prays that Lisa's temporary and permanent custody be awarded to plaintiff.

On 14 May 1969, defendants filed a demurrer to the complaint alleging that the complaint does not state facts sufficient to constitute a cause of action against the defendants for that:

"I. It appears upon the face of the Complaint that the Court does not have jurisdiction of the subject matter of this litigation, to wit, the minor child, a resident of Connecticut.

II. That the Complaint is a statement of a defective cause of action in purportedly claiming custody in an adopted child.

III. It purports to attack or set aside an adoption judgment.

IV. That plaintiff may not, by collateral attack, set aside a judgment entitled to full faith and credit under Article 4, Section 1, of the Constitution of the United States."

From judgment of the district court sustaining the demurrer and dismissing the action, plaintiff appealed.

*Kellogg & Wheless by Dwight H. Wheless for plaintiff appellant.*

*McCown & McCown by Wallace H. McCown for defendant appellees.*

BRITT, J.

[1, 2]  In passing upon a demurrer, the court is confined to a consideration of the pleading and the legal instruments incorporated

therein and may not consider any fact not appearing therein. 6 Strong, N.C. Index 2d, Pleadings, § 19, pp. 327, 328. A demurrer admits, for the purpose of testing the sufficiency of the pleading, the truth of factual averments well stated. *McLeod v. McLeod*, 266 N.C. 144, 146 S.E. 2d 65.

[3] Defendants contend first that the District Court of Dare County does not have jurisdiction of the subject matter of this litigation for that it appears upon the face of the complaint that the minor child, Lisa, is a resident of Connecticut. This contention has no merit. In the first place, it does not appear upon the face of the complaint that Lisa is a resident of Connecticut. Furthermore, G.S. 50-13.5(a) and (b) clearly provide that except in certain cases a civil action is proper procedure to determine custody of a minor child, and G.S. 50-13.5(c)(2)(a) provides that the courts of this State shall have jurisdiction to enter orders providing for the custody of a minor child when "[t]he minor child resides, has his domicile, or is physically present in this State." See *Rothman v. Rothman*, 6 N.C. App. 401. G.S. 7A-244 provides that the district court division is the proper division of the General Court of Justice for the trial of civil actions and proceedings for child custody. The complaint alleges that Lisa came from Connecticut to North Carolina in August 1968 and has resided and attended school in North Carolina since that time. The complaint was not demurrable for lack of jurisdiction.

[4] In paragraphs numbered II, III and IV, defendants contend that the complaint reveals that plaintiff is claiming custody of an adopted child and that plaintiff seeks to attack or set aside an adoption judgment entitled to full faith and credit under Article 4, Section 1 of the United States Constitution. This contention is without merit. In paragraph V of the complaint set forth above, plaintiff alleges the circumstances under which she signed a purported consent to adoption, but it does not appear upon the face of the complaint that an adoption proceeding was ever completed, in this or any other state; in fact, it does not appear that an adoption proceeding was ever instituted.

In *McDowell v. Blythe Brothers Co.*, 236 N.C. 396, 72 S.E. 2d 860, in an opinion by Ervin, J., it is said:

> "* * * The only office of a demurrer is to test the legal sufficiency of the facts stated in the pleading of an adversary. In consequence, it is not permissible for a demurrant to incorporate in his demurrer facts not shown by the pleading challenged by the demurrer. Where a demurrer to a complaint invokes the aid of a supposed fact which does not appear in the complaint, it

LAND CORP. *v.* STYRON

is a 'speaking demurrer,' and offends both the common law and code systems of pleading. The court will not consider the supposed fact introduced by the 'speaking demurrer' in passing on the legal sufficiency of the facts alleged in the complaint. (Citing numerous authorities)"

[5] The demurrer under consideration is a "speaking demurrer," for it invokes the aid of supposed facts which do not appear in the complaint. When these supposed facts are disregarded and recourse is had to the complaint itself, we hold that plaintiff alleged sufficient facts to invoke the jurisdiction of the District Court of Dare County to pass upon the question of Lisa's custody. Of course, we do not presume to foresee the allegations defendants will plead in their answer.

The judgment sustaining the demurrer is

Reversed.

BROCK and VAUGHN, JJ., concur.