### MAUDE LEE ADAMS COGGINS v. JUNE F. COGGINS, JR.

(Filed 19 December 1963.)

**1. Divorce and Alimony § 22—**

In an action for a divorce, either absolute or *a mensa*, and either before or after final judgment, the trial judge has discretionary authority to issue an order respecting the custody and care of the children of the marriage, and the amount allowed by the order for the support of the children will not be disturbed except where there is a gross abuse of discretion.

**2. Divorce and Alimony § 23—**

Ordinarily, in entering a judgment for the support of a minor child, the ability of the husband to pay, as well as the needs of such child, will be taken into consideration by the court.

**3. Same—**

Where it appears that the wife, with the four year old child of the marriage and two children of the wife's by a former marriage, lived in the house owned by the parties by the entireties, an allowance for the support of the child in excess of half of the husband's earnings, without finding facts in regard to the needs of the child, *is held* excessive, it not appearing that the husband had any financial resources other than his earnings, and the order is set aside as exceeding the discretionary authority of the court, it not being reasonable that more is required to maintain a child than a man who must work and support himself entirely from his earnings.

APPEAL by defendant from *Brock, S.J.,* February 1963 Session of RICHMOND.

*Jones & Jones for plaintiff.*
*Morgan & Williams for defendant.*

MOORE, J. Defendant appeals from an order fixing custody and making an allowance for the support of a minor child.

Plaintiff instituted an action against defendant for absolute divorce and alleged that a daughter, Maria Coggins, was born of the union.

Defendant answered.

Thereafter, plaintiff filed a motion "for an order of support and custody" of the child. The motion was heard upon the pleadings and affidavits of the parties.

The court found facts, which are paraphrased as follows:

Plaintiff and defendant were married 3 October 1958 and separated pursuant to a deed of separation of 15 November 1960. One child, now 3½ years old, was born of the union. Since the separation plaintiff has lived in a house owned by the parties as tenants by the entireties; there is a mortgage of $8500 against this property. Plaintiff is employed and earns $83 per week, take-home pay; defendant is employed as a railroad depot agent and earns $300 per month, after tax and retirement withholdings. Since the separation defendant has paid the $83 monthly installments on the mortgage and $100 per month to plaintiff for Maria's support.

The court awarded the custody of the child to plaintiff, subject to the right of defendant to have her one week-end each month. It was ordered that defendant make the $83 monthly payments on the mortgage, pay one-half of the taxes and insurance, and pay plaintiff $80 per month "towards the support of his minor daughter."

Defendant appeals on the ground that the required payments are excessive and the order therefor an abuse of discretion on the part of the court.

"After the filing of a complaint in any action for divorce, whether from the bonds of matrimony or from bed and board, both before and after final judgment therein, it is lawful for the judge . . . to make such orders respecting the care, custody, tuition and maintenance of the minor children of the marriage as may be proper . . . ." G.S. 50-13; *Griffin v. Griffin,* 237 N.C. 404, 75 S.E. 2d 133. "In proceedings of this nature the amount to be allowed . . . for the support of the children of the marriage is within the sound discretion of the trial judge and will not be disturbed except where such discretion has been grossly abused." *Wright v. Wright,* 216 N.C. 693, 6 S.E. 2d 555.

Ordinarily, in entering a judgment for the support of a minor child, the ability to pay as well as the needs of such child will be taken into consideration. *Bishop v. Bishop,* 245 N.C. 573, 96 S.E. 2d 721. Though the court below undertook to find the facts, it made no finding as to the needs of the child and found only inferentially the ability of defendant to pay.

There are matters set out in the affidavits with respect to which no facts were found. Plaintiff's affidavit: Plaintiff has two children of a former marriage, a daughter, age 15, and a son, age 11; plaintiff and

her children, including Maria, live in the house referred to in the findings of fact; plaintiff pays $20 per week for a person to care for Maria while plaintiff works; defendant is a member of a "substantial" family, lives with his parents, and at the time of the marriage had accumulated savings and had a substantial amount of government securities. Defendant's affidavit: At the time of the marriage defendant owned approximately $4000 in U. S. savings bonds, but he cashed them in and bought furniture and kitchen appliances which are now in plaintiff's possession; defendant now owns only two $50 bonds, they are payable to defendant and Maria; it is necessary for defendant to maintain an automobile in order to hold his present job, and he has to pay room and board and all personal expenses from his earnings; his payments on the mortgage and for the support of Maria have been so large that, had he not been living with his parents, his income would have been insufficient for his support.

Defendant's answer makes reference to a separation agreement and the judgment takes notice of it. Neither discloses its terms and it is not a part of the record on appeal. We do not know whether it purports to make provision for the support of the minor or whether it is relevant in considering that subject. In any event, the enforcement of such agreement was not the matter before the court. The motion involves only the custody and support of the minor child. Defendant does not challenge the order as to custody; the challenge is to the amount defendant is required to pay for the minor's support.

From the findings of fact we must conclude that defendant has no assets from which to pay such support except his salary of $300 per month. He was ordered to pay approximately fifty-five to sixty per cent of his salary for such support. It is not reasonable to conclude that it requires more to maintain a child four years of age than a man who must work and support himself entirely from his earnings. There is nothing in this record which justifies the conclusion that in order to support his child defendant must bear the entire cost of providing a house for her and three others besides. On this record the conclusion is inescapable that the payments required by the court are excessive. The court exceeded its discretionary authority.

That portion of the order appealed from which requires payments to be made by defendant is vacated. The cause is remanded for rehearing on the question of support for the minor. After considering the needs of the child and the ability of defendant to pay, the court below in the exercise of its sound discretion will enter such order of support "as may be proper."

Error and remanded.