ROY H. RABON, JR. v. PHYLLIS L. RABON LEDBETTER

No. 7019SC485

(Filed 16 September 1970)

1. **Divorce and Alimony § 23; Husband and Wife § 11— provision in separation agreement for child support — presumption of reasonableness — change in amount of support — change of conditions**

   While provisions in a valid separation agreement for the maintenance and support of the minor children of the marriage cannot deprive the courts of their inherent authority to protect the interests and provide for the welfare of infants, there is a presumption, in the absence of evidence to the contrary, that such provisions mutually agreed upon are just and reasonable, and the court is not warranted in ordering a change in the absence of any evidence of a change in conditions.

2. **Divorce and Alimony § 22— modification of child custody order**

   While orders in custody proceedings are never final, since the needs of the children and the ability of the parents to supply those needs may change, a court is not warranted in modifying or changing a prior valid order absent a showing of change in conditions. G.S. 50-13.7(a).

3. **Divorce and Alimony § 23— modification of child support order — relieving father from payment of support while children visit him — failure of court to find change of circumstances**

   Where a separation agreement incorporated into the original order providing for custody and support of the children required the father to pay $300 per month for support of the children and contemplated summer visits of the children with their father, but there was no provision relieving the father of any portion of the $300 monthly payments during such visits, the trial court erred in modifying the original order by relieving the father of the obligation to make the $300 monthly support payments while the children visited with him, in the absence of evidence and finding of any change in circumstances to justify such modification.

4. **Divorce and Alimony § 22— motion by husband to modify child support order — denial of wife's motion for travel expenses, attorney's fees, and bond to assure compliance with visitation order**

   The trial court did not abuse its discretion in the denial of the wife's motion that the husband be required to pay her travel expenses from another state and her attorney's fees in defending against the husband's motion for modification of a child custody and support order, and that the husband be required to post bond of $1000 to assure his compliance with any visitation order that might be entered.

APPEAL by defendant from *Kivett, J.,* April 1970 Civil Session of RANDOLPH Superior Court.

Rabon v. Ledbetter

This is an appeal by the mother of two minor children from an order modifying certain provisions of a prior order relating to custody and support of the children. The facts giving rise to this appeal are as follows:

The marriage of the parties was dissolved by absolute divorce decree entered 21 October 1968 in the plaintiff husband's action brought on the ground of one year's separation. The parties had signed a separation agreement, and defendant did not contest the divorce, or request alimony, but did move for custody of the two minor children. When the divorce decree was signed, Judge Exum, the Judge presiding at the session of superior court in which the cause was pending, also signed an order which awarded custody of the children to defendant, permitted her to have them with her outside of North Carolina (she having moved to Arkansas), and directed the plaintiff father to provide for the support of the children by paying into court $300.00 per month to be transmitted by the clerk to the defendant for use by her in providing for the maintenance of the two children. In addition, Judge Exum's order directed plaintiff to continue to carry hospital insurance for the children and to pay for their medical, dental, surgical and hospital treatment, not covered by such insurance, in excess of the amount normal for growing children. Judge Exum's order also contained the following:

> "The plaintiff, Roy H. Rabon, Jr., shall have the right to visit with said children at any reasonable time; and provided that he shall have suitable and reasonable facilities and proper persons to care for said children, he shall have the right to have the said children visit with him at reasonable times and under reasonable circumstances including the right to have said children visit him during a part of the summer months. The parties hereto shall attempt to agree upon a suitable visitation plan which will provide full and free opportunities of visitation and will yet be in the best interest of said children, and any plan devised between them may be embodied in an order and submitted to the Court out of term and out of the district for approval; and in the event that such visitation plan cannot be agreed upon, either of the parties hereto may move the Court for an order providing for such visitation privileges by the plaintiff, which said order may likewise be signed out of term and out of the district.

Rabon v. Ledbetter

"IT IS FURTHER ORDERED that this matter is retained for further orders, upon proper motion by either of the parties, relative to the care, custody, maintenance and matters affecting the welfare of said two minor children until such time as they reach their majority or are emancipated according to law."

On 4 March 1970 plaintiff filed a motion in the cause, seeking a review of Judge Exum's order and alleging that since the date of that order both plaintiff and defendant had remarried and "there has been a change of circumstances insofar as the parties and the two minor children born of the marriage are concerned." Plaintiff alleged he had attempted, but had been unable, to reach agreement with defendant covering visitation of the children, and that he wished to be relieved of paying the $300.00 per month while the children visited with him. In his written motion plaintiff also asked the court to inquire into the reasonableness of the $300.00 monthly payment "in view of the fact that both the plaintiff and the defendant have remarried," but at commencement of the hearing plaintiff withdrew this request.

Defendant, answering plaintiff's motion, admitted remarriage of the parties but asserted this had nothing to do with plaintiff's obligation to support his children, and alleged $3,600.00 per year was not adequate in view of an increase in plaintiff's salary and the inflation which had occurred since the date of Judge Exum's order. Defendant moved for an order requiring plaintiff to pay her travel expenses and attorney's fees in defending against plaintiff's motion, and requested that plaintiff be required to post bond in the amount of $1,000.00 to assure compliance with any visitation order which might be entered.

After hearing, Judge Kivett signed an order directing that plaintiff should have the children visit him in North Carolina from 1 July to 15 August of each year and that during this period he was to be relieved of paying the $300.00 for the month of July and was to be relieved of paying $100.00 of the $300.00 for the month of August of each year. The order denied defendant reimbursement of travel expenses and attorney's fees and refused her request to have plaintiff post bond.

From so much of the order as relieved plaintiff of making support payments while the children were visiting him and as

denied reimbursement to defendant for travel expenses and attorney's fees and declined to require plaintiff to post bond, defendant appealed.

*Walker, Bell & Ogburn by John N. Ogburn, Jr., for plaintiff appellee.*

*Ottway Burton for defendant appellant.*

PARKER, J.

Appellant's first assignment of error is directed to that portion of the order appealed from which relieved plaintiff of the obligation to make full support payments for the children while they were visiting with him in the summertime. At the hearing defendant introduced in evidence the written separation agreement which had been signed by the parties prior to their divorce. In this agreement the plaintiff had agreed to pay $300.00 per month for support of the children, based upon his then current earnings. The agreement also contemplated summer visits of the children with their father, and there was no provision for relieving him of any portion of the $300.00 monthly payments during the time of these visits.

[1] While the provisions of a valid separation agreement relating to marital and property rights of the parties cannot be ignored or set aside by the court without the consent of the parties, such agreements "are not final and binding as to the custody of minor children or as to the amount to be provided for the support and education of such minor children." *Hinkle v. Hinkle,* 266 N.C. 189, 146 S.E. 2d 73; *Kiger v. Kiger,* 258 N.C. 126, 128 S.E. 2d 235. No agreement between husband and wife will serve to deprive the courts of their inherent authority to protect the interests and provide for the welfare of infants. Husband and wife "may bind themselves by a separation agreement or by a consent judgment, but they cannot thus withdraw children of the marriage from the protective custody of the court." *Fuchs v. Fuchs,* 260 N.C. 635, 133 S.E. 2d 487. Nevertheless, where parties to a separation agreement agree concerning the support and maintenance of their minor children, there is a presumption, in the absence of evidence to the contrary, that the provisions mutually agreed upon are just and reasonable, and the court is not warranted in ordering a change in the absence of any evidence of a change in conditions. *Fuchs v. Fuchs, supra.*

Rabon v. Ledbetter

[2]   In this case the order entered by Judge Exum at the time of the divorce of the parents relating to the custody and support of the children, in effect incorporated the provisions of the separation agreement. It is, therefore, apparent that Judge Exum considered these provisions reasonable in the light of the conditions existing at the time he entered the order. No appeal was taken from that order. While orders in custody proceedings are never final, since with the passage of time both the needs of the children and the ability of the parents to supply those needs may change, a court is not warranted in modifying or changing a prior valid order absent a showing of change in conditions. *Stanback v. Stanback*, 266 N.C. 72, 145 S.E. 2d 332. This requirement is further pointed out in the language of G.S. 50-13.7(a) : "An order of a court of this State for custody or support, or both, of a minor child may be modified or vacated at any time, upon motion in the cause and *a showing of changed circumstances* by either party or anyone interested." (Emphasis added.)

[3]   The order appealed from in the case now before us contains no finding as to any change in circumstances. The only allegation made by plaintiff when he moved for modification of the prior order as to any change in circumstances, was that both parents had remarried. However, there was no allegation as to how this fact related in any way to the custody and support of the children. There was no evidence of any change in the needs of the children, and the only evidence of any change in the ability of the father to make the support payments as directed in the original order was that offered by the defendant, which indicated that the plaintiff father's earnings had increased. In the absence of evidence and finding of any change in circumstances, there was error in the order appealed from insofar as it modified the plaintiff's obligation to continue to make the full $300.00 monthly payments for the support of the children, without reduction during the time of their summer visits to him.

There is no merit in plaintiff's contention that, since he would necessarily be supporting his children while they visited with him, the order appealed from did not really modify the original order. The original order contemplated exactly such visits, yet made no provision for any reduction on the monthly payments. By omitting any such provision, it is possible that the court in making the original order took into account that

certain expenses of the children continued at their mother's home even during their absence while visiting their father. However that may be, provision for any reduction in the payments was omitted from the original order, and that order could not thereafter be modified by inserting such provision without a showing and finding of change in circumstances.

[4] There is no merit in appellant's remaining assignments of error which related to the denial of her motion to require plaintiff to reimburse her for travel expenses and attorney's fees and to post bond. These were all matters within the sound discretion of the trial judge and no abuse of discretion has been shown.

The order appealed from insofar as it directs any change in the plaintiff's obligation to continue to make the full $300.00 monthly support payments for the children is reversed; in other respects it is affirmed.

Affirmed in part,

Reversed in part.

MALLARD, C.J., and HEDRICK, J., concur.