REBECCA NUNALEE REGISTER (EUBANKS) v. JAMES B. REGISTER

No. 735DC297

(Filed 23 May 1973)

**Divorce and Alimony § 22— modification of custody and support order — finding of changed circumstances required**

The trial court erred in amending a 1966 order giving the custody of two minor children to the mother by allowing the father more extensive visitation privileges and custody of the children during vacation months, increasing the amount of his support payments and relieving him of the burden of making support payments during the times he had temporary custody where the trial court did not first make findings of fact as to changed circumstances. G.S. 50-13.7.

APPEAL by defendant from *Walker, Judge,* 24 July 1972 Session of NEW HANOVER County District Court.

On 8 September 1966 Rebecca Nunalee Register filed complaint against her husband, James B. Register, seeking alimony without divorce, custody of their two minor children, and child support from her husband. On 7 March 1967 an order was entered awarding Rebecca Register custody of the two children, allowing James B. Register custody of the children on the first weekend of each month and the third Saturday of each month, and ordering him to pay $17.50 per child per week for support.

On 16 October 1967 James B. Register was awarded a divorce decree, Rebecca Register being granted custody of the two minor children of the marriage. Rebecca Register has since remarried and is now Rebecca Register Eubanks.

On 1 November 1971 James B. Register filed a motion in the cause, that cause being the original action by his wife against him for custody and support of the children, filed in 1966. His motion of November 1971, sought modifications of the prior custody order by granting him custody of the children.

A hearing on the motion was conducted on 28 July 1972, at which hearing both James Register and Rebecca Eubanks testified. On 29 November 1972 Judge Walker entered an order amending the custody order of March 1967 by allowing James Register more extensive visitation privileges and custody of the children during vacation months, increasing his support payments to $22.50 for each child per week, and relieving him of the burden of making support payments during the times he has temporary custody of the children. Rebecca Eubanks was still given custody of the children. From the entry of this order James B. Register appealed.

*James L. Nelson and Harold E. Trask, Jr. for defendant appellant.*

CAMPBELL, Judge.

Defendant has assigned as error the failure of the trial court to make findings of fact which support the modification of the prior support order. His assignment of error is well taken.

G.S. 50-13.7 now adds the force of statute to the requirement of showing changed conditions before a custody *or support* order may be modified.

It is error to modify or change a valid prior order with respect to support or custody absent findings of fact of changed circumstances. The order appealed from contains no such findings. *Rabon v. Ledbetter,* 9 N.C. App. 376, 176 S.E. 2d 372 (1970).

The order appealed from must be vacated, and the cause remanded for further proceedings.

Vacated and remanded.

Judges BRITT and MORRIS concur.