JAY DENNIS HERSHEY v. ROSELLA CANTWELL HERSHEY

No. 8127DC552

(Filed 15 June 1982)

Divorce and Alimony § 24.8— child support—finding of changed circumstances by emancipation of oldest child improper

Where the parties entered into a separation agreement which provided that the plaintiff would support his children by the payment of $700 per month until the youngest reached 18, the trial court erred in reducing the amount of support payable to defendant when the oldest of four children reached 18.

APPEAL by defendant from *Phillips, Judge.* Judgment entered 31 December 1980, District Court, GASTON County. Heard in the Court of Appeals 1 February 1982.

The parties hereto were formerly husband and wife, having been lawfully married on 13 May 1961. They separated on 20 July 1979, at which time they entered into a separation agreement. Four children were born of the marriage, and the separation agreement provided that the defendant would "have the primary custody, care and control of said minor children during their respective minorities subject to the right of husband to visit with the children at reasonable times and places." Plaintiff agreed "to pay to the wife the sum of $700.00 per month for the support and maintenance of said minor children which amount shall be payable until the youngest child attains the age of eighteen (18) years of age." Plaintiff further agreed "within his means" to be responsible for the college education of the children, and to be responsible for their reasonable medical and dental expenses and to maintain

them as beneficiaries on a hospitalization insurance policy "until they attained their majority."

On 25 September 1980 plaintiff brought an action for absolute divorce. In his complaint, he asked that defendant be granted custody of the minor children, that he be granted reasonable visitation rights, and that he be ordered to pay a reasonable amount of support for them "under the conditions now prevailing."

Defendant answered, attached a copy of the separation agreement, and asked that its provisions with respect to alimony, child custody and support, and visitation rights be adopted by the court.

By reply to the counterclaim, plaintiff averred that there had been material changes in circumstances since the execution of the agreement, "both with regard to the status of the minor children and also the plaintiff's employment."

The court entered judgment granting plaintiff an absolute divorce, finding facts, and concluding that there had been no material change in circumstances with respect to the incomes of plaintiff and defendant since the separation agreement "but there has been a material change in circumstance with reference to the minor children in that Michael Hershey has become emancipated since the entry of the Separation Agreement." The court found that "$175.00 per month per minor child plus medical and dental expenses is a reasonable sum to be paid by Plaintiff unto the Defendant for the use and benefit of the three minor children born to the marriage," and ordered plaintiff to pay that amount. Defendant appealed.

*Gaither and Gorham, by John W. Crone, III, for defendant appellant.*

*No counsel contra.*

MORRIS, Chief Judge.

While it is true that the provisions of a valid separation agreement relating to marital and property rights of the parties cannot be set aside by the court without the consent of the parties, no agreement between husband and wife can serve to de-

prive the courts of their inherent authority to protect the interests of and provide for the welfare of minor children. *Childers v. Childers*, 19 N.C. App. 220, 198 S.E. 2d 485 (1973); and cases there cited; *Rabon v. Ledbetter*, 9 N.C. App. 376, 176 S.E. 2d 372 (1970), and cases there cited. However, "where parties to a separation agreement agree concerning the support and maintenance of their minor children, there is a presumption, in the absence of evidence to the contrary, that the provisions mutually agreed upon are just and reasonable, and the court is not warranted in ordering a change in the absence of any evidence of a change in conditions." *Rabon v. Ledbetter*, at p. 379.

In the case before us, the court found, and there was no exception to the finding, that at the time of the separation, plaintiff had a gross salary of $20,000 per year, an expense account, and a company car and at the time of the hearing had a gross salary of $24,000 without an expense account or a company car. The court also found, and there is no exception to the finding, that the oldest child of the parties is now 18 years of age and a student in college. The court further found that defendant is employed full time and has a net income after taxes and insurance of approximately $127 per week. Upon these findings the court concluded that there had been no material change in circumstances with regard to the income of the plaintiff or defendant from the time of the execution of the separation agreement. Neither plaintiff nor defendant complains of this conclusion. Defendant does complain of the court's conclusion that "there has been a material change in circumstance with reference to the minor children in that Michael Hershey has become emancipated since the entry of the Separation Agreement." Defendant's position has merit and requires reversal of the court's order.

It is obvious that this so-called change in circumstances formed the sole basis for the court's order reducing the support payments from $700 per month as agreed to $525 per month, with the sum to be allocated as "$175.00 per minor child". The separation agreement clearly provided for the payment of $700 per month "which amount shall be payable until the youngest child attains the age of eighteen (18) years." There was no allocation of the sum to be paid.

Clearly a parent can obligate himself to support a child after emancipation and past majority, and the contract is enforceable, it

being beyond the inherent power of the court to modify absent the consent of the parties. *Church v. Hancock,* 261 N.C. 764, 136 S.E. 2d 81 (1964); *Shaffner v. Shaffner,* 36 N.C. App. 586, 244 S.E. 2d 444 (1978); *Carpenter.v. Carpenter,* 25 N.C. App. 235, 212 S.E. 2d 911, *cert. den.,* 287 N.C. 465, 215 S.E. 2d 623 (1975); *see also* Lee, North Carolina Family Law, 4th Ed. § 151, pp. 235-36. There can be no question but that plaintiff here agreed to support his children—all of them—by the payment of $700 per month until the youngest reached eighteen. Clearly he had to know that the three oldest children would be past their majority by the time the youngest reached majority. The fact that the oldest child had reached eighteen was no change in circumstances. It was an eventuality recognized by plaintiff at the time he entered into the separation agreement. He then agreed that there would be no change in the amount of the monthly payment. He is bound by his agreement. The court erred in ordering a reduction of payment by reason of the fact that the oldest child had reached eighteen.

The record is barren of any evidence of any change in conditions warranting a change in the support payments to which plaintiff agreed in the separation agreement. The order entered must be modified in accordance with this opinion, but in all other respects, it is affirmed.

Modified and affirmed.

Judges VAUGHN and MARTIN (Harry C.) concur.