JANE CHRISTIE (NOW WARREN) v. FRANK BURTON CHRISTIE, III

No. 8121DC1357

(Filed 19 October 1982)

1. **Divorce and Alimony § 27— modification of child support—awarding counsel fees error**
       In an action to modify the child support provisions of a separation agreement, the court erred in awarding counsel fees to plaintiff since the court did not find as facts that the plaintiff was acting in good faith, that plaintiff did not have sufficient means to defray the expenses of the action, or that defendant had refused to provide support which was adequate.

2. **Divorce and Alimony § 24.4— separation agreement—enforcement by specific performance inappropriate—no finding that plaintiff had inadequate remedy at law**

  The court erred in ordering the defendant to pay one-half of the expenses of orthodontic care of his children pursuant to a separation agreement without finding that the plaintiff had an inadequate remedy at law.

3. **Divorce and Alimony § 24.1— child support—one sum for all children rather than allotted payments**

  There is no error in requiring defendant to pay one sum in child support for all children rather than having the support payments allotted among the children.

APPEAL by defendant from *Tanis, Judge.* Order entered 23 September 1981 in District Court, FORSYTH County. Heard in the Court of Appeals 23 September 1982.

This appeal arises from an action by the plaintiff on a separation agreement. The parties entered into a separation agreement in 1975 which they amended in 1976. Under the terms of the separation agreement as amended, the defendant was to pay $400.00 per month for the support of their three children and the parties would each pay one-half the medical and dental expenses of the three children. The parties were divorced and the separation agreement was not incorporated in the divorce decree.

The plaintiff brought this action alleging a change in circumstances which required increased child support and that the two youngest children would require orthodontic care which would cost in excess of $2,500.00 for each child. The plaintiff prayed that the court enter a decree for specific performance of the provisions of the separation agreement providing for orthodontic care, that the court order payment of child support based on the needs of the children, and that the plaintiff be awarded attorney fees. The defendant filed an answer in which he denied the material allegations of the complaint.

The court heard the matter without a jury. After the hearing, it entered an order in which it found facts to the effect that there had been a change in circumstances as to the needs of the children; that the two youngest children would require orthodontic treatment in the future that would cost approximately $2,600.00 per child. The court ordered that the defendant pay $528.02 per month to the plaintiff for support of the children, that

the defendant pay one-half of the expenses of orthodontic treatment for the two youngest children, and that the defendant reimburse the plaintiff in the amount of $500.00 for orthodontist expenses paid for the oldest child.

The defendant appealed.

*Pettyjohn and Molitoris, by Theodore M. Molitoris, for plaintiff appellee.*

*Green and Leonard, by Robert K. Leonard and David L. Spence, for defendant appellant.*

WEBB, Judge.

This is an action to modify the provisions of child support contained in a separation agreement. The court has the power to make this modification. *See McKaughn v. McKaughn,* 29 N.C. App. 702, 225 S.E. 2d 616 (1976).

[1] The defendant's first assignment of error is to the court's awarding counsel fees to the plaintiff. We believe this assignment of error has merit. The court did not find as facts that the plaintiff was acting in good faith, that plaintiff did not have sufficient means to defray the expenses of the action, or that defendant had refused to provide support which was adequate. It was error to award attorney fees to the plaintiff without these findings of fact. *Hudson v. Hudson,* 299 N.C. 465, 263 S.E. 2d 719 (1980) and *Stanback v. Stanback,* 287 N.C. 448, 215 S.E. 2d 30 (1975).

[2] In his second assignment of error, the defendant argues that it was error to order the defendant to pay one-half the expenses of the orthodontist. The defendant contends that a decree for specific performance should not have been entered without a finding that the plaintiff had an inadequate remedy at law. We believe this assignment of error has merit. In *Moore v. Moore,* 297 N.C. 14, 252 S.E. 2d 735 (1979) it was held that a wife was entitled to a decree for specific performance of alimony payments in a separation agreement. The Supreme Court said that to require a multiplicity of suits to collect support payments did not give the plaintiff an adequate remedy at law. In this case it will not require a multiplicity of suits to collect the orthodontist charges should the defendant fail to pay them. We do not believe the plaintiff has shown she does not have an adequate remedy at law.

[3] In his third assignment of error, the defendant concedes that the support payments for the children are reasonable. He objects to being required to pay $528.02 in one sum for all children rather than having the support payments allotted among the children. We find no error in the way the defendant was ordered to make the support payments. We note that the oldest child is now eighteen years of age so that the defendant is no longer responsible for her support. The defendant may move the court to reduce his child support payments by the amount of the total payments allotted to his oldest child.

Reversed and remanded in part; affirmed in part.

Judges HEDRICK and HILL concur.