MARY F. WALKER, PLAINTIFF v. CHARLES F. WALKER, DEFENDANT, AND UNITED STATES OF AMERICA, GARNISHEE

No. 8214DC884

(Filed 6 September 1983)

1. Divorce and Alimony § 24.11— when child support order is res judicata

A prior action concerning child support is *res judicata* only as long as the circumstances existing at the time of the prior action have remained the same.

2. Divorce and Alimony § 24.3— child support—increase in amount required by separation agreement—burden of proof

Plaintiff was not required to show a substantial change in circumstances from the time of a separation agreement as justification for an increase in child support over the amount required by the separation agreement but was required to show only the amount reasonably required for support of the child at the present time.

3. **Divorce and Alimony § 24.1; Evidence § 3.5— judicial notice of inflation**

The trial court did not err in taking judicial notice of the general effect of inflation on the cost of raising a child in determining the amount of child support to be awarded to plaintiff.

4. **Divorce and Alimony § 24.8— sale of house—no evidence of increased child support costs**

Plaintiff's mere assertion that she "had to" sell a house which defendant deeded to her under the terms of a separation agreement did not establish an increase in child support costs and did not provide a basis for ordering an increase in child support payments.

5. **Divorce and Alimony § 24.1— monthly expenses of child—finding not supported by evidence**

The trial court's finding that a child had reasonable monthly expenses of $645.00 was not supported by the evidence where the court attributed to the child one-half of the mother's monthly expenses for rent, electricity, telephone, home repairs, and transportation, but there was no evidence in the record to support such an allocation of expenses, and where the trial court's finding included a patently unreasonable amount of $43.49 per month for Christmas and birthday gifts for the child.

Judge JOHNSON concurring in part and dissenting in part.

APPEAL by defendant from *LaBarre, Judge.* Judgment entered 24 June 1982 in District Court, DURHAM County. Heard in the Court of Appeals 8 June 1983.

Plaintiff and defendant were married 20 July 1968. One child, Tiffany Antoinette Walker, was born of that marriage. The parties subsequently separated, entering into a separation agreement on 23 June 1975. Under the terms of the separation agreement, defendant agreed to pay $175.00 monthly as child support and to increase that amount by $10.00 per month each year he received a pay increase. Defendant later obtained a divorce decree in Wake County.

On 16 February 1978, plaintiff brought an action against defendant requesting that the court order the defendant to make payments according to the separation agreement. For reasons not pertinent to this appeal, that action was dismissed with prejudice on 19 July 1978.

On 4 March 1982, plaintiff filed a second action requesting *inter alia* an increase in child support payments. On 21 May 1982 defendant made a motion to dismiss which was denied. After hearing the testimony of both parties and reviewing the separa-

---

---

tion agreement, the support payment chart and the affidavits of financial standing of both parties, the court made extensive findings of fact and concluded, as a matter of law, that there was a need for an increase in defendant's child support payments to $387.00 monthly.

From the order entered pursuant to those findings of fact and conclusions of law, defendant appeals.

*Law firm of Eric C. Michaux, by Eric C. Michaux and Robert Brown, Jr., for plaintiff-appellee.*

*Powe, Porter & Alphin, by N. A. Ciompi and William E. Freeman, for defendant-appellant.*

EAGLES, Judge.

[1]  The defendant first assigns as error the denial of defendant's 21 May 1982 motion to dismiss. He alleges that the action filed by plaintiff on 16 February 1978, and its subsequent dismissal with prejudice on 19 July 1978, acted as *res judicata* in the later action filed by plaintiff on 4 March 1982. A prior action concerning child support is *res judicata* only as long as the circumstances existing at the time of the prior action have remained the same. *See Crosby v. Crosby,* 272 N.C. 235, 158 S.E. 2d 77 (1967). "[N]either agreements nor adjudications for the custody or support of a minor child are ever final." *McLeod v. McLeod,* 266 N.C. 144, 153, 146 S.E. 2d 65, 71 (1966). We reject defendant's argument that the doctrine of *res judicata* applies. We find no error in the denial of defendant's motion to dismiss.

[2]  Defendant next contends that the trial court erred in concluding, as a matter of law, "that the plaintiff is not required to show a substantial change in circumstances in order to modify the separation [sic] but rather, the plaintiff must show the amount reasonably required for the support of the child at the time of this hearing." The situation here is similar to that dealt with in *Williams v. Williams,* 261 N.C. 48, 134 S.E. 2d 227 (1964). In both cases, prior to the entry of the order appealed from, the defendant's child support payments were made under the terms of a separation agreement. *Williams* held that in such a case "plaintiff's only burden was to show the amount reasonably required for the support of the children at the time of the hearing.

The amount which the parties fixed on June 8, 1962 was merely evidence for the judge to consider, along with all the evidence in the case, in determining a reasonable amount for support of the children." *Id.* at 59, 134 S.E. 2d at 235. Plaintiff need not show and the trial court need not make findings concerning the needs of the child at the time the separation agreement was signed. *Perry v. Perry*, 33 N.C. App. 139, 234 S.E. 2d 449, *rev. denied*, 292 N.C. 730, 235 S.E. 2d 784 (1977). We, therefore, hold that plaintiff was not required to show a substantial change in circumstances from the time of the separation agreement as justification for an increase in child support payments.

Defendant's final assignments of error in effect challenge the basis on which the court ordered an increase in defendant's child support payments. The trial court found as fact that:

11. That at the time of the Separation Agreement, the parties owned a house located at 5500 Old Well Street, Durham, North Carolina. That simultaneously with the execution of the Separation Agreement, Charles F. Walker conveyed his interest in that home to Mary F. Walker. That thereafter, Mary F. Walker was forced to sell the home and now resides in an apartment.

. . . .

16. The plaintiff has the following reasonable monthly expenses necessary for the support of one minor child:

| | | |
|---|---|---|
| Rent | — | $150.00 |
| Electricity | — | 32.50 |
| Telephone | — | 15.00 |
| Cable TV | — | 8.33 |
| Home Repairs | — | 2.50 |
| Newspapers & Magazines | — | 1.25 |
| Drycleaning & Laundry | — | 10.00 |
| Education | — | 5.00 |
| Church | — | 2.00 |
| Transportation | | 146.98 |
| Groceries (Home) | — | 125.00 |
| Food (Away) | — | 5.00 |
| School Lunches | — | 13.00 |
| Clothing | — | 40.00 |

| | | |
|---|---|---|
| Personal Items | — | 5.00 |
| Recreation | — | 20.00 |
| Medical & Dental | — | 20.00 |
| Gifts (Christmas & Birthdays) | — | 43.49 |
| Total | | $645.00 |

17. That the defendant has submitted to the Court an affidavit showing his monthly expenses, which he alleges total $2,252.12. These expenses include a mortgage payment of $622.19 for a four bedroom house in which he is the sole occupant; a payment of $100.00 per month for an insert for his fireplace; an average monthly electricity bill of $108.00; and NCNB Bank Americard Bill of $100.00 monthly. The Court finds that the defendant Walker has voluntarily undertaken unreasonable expenses to the detriment of his ability to support his minor child.

18. That the plaintiff has a net monthly income of $836.00 and reasonable monthly expenses of $645.00. Plaintiff is employed by the Durham County Schools in the capacity of teach [sic] of Physical Education.

19. That based on parties income and reasonable expenses, and the needs of the child for health, education and maintenance in the accustomed standard of living of the child and the parties, the homemaker contribution of the plaintiff, this Court determines that the defendant should pay 60% of the reasonable needs of the child or $387.00 and the plaintiff should bear the remaining 40%.

20. That the plaintiff provides the following homemaking services for the minor child:

| Activity | Hours |
|---|---|
| Cooking | 13.5 |
| Cleaning | 10.0 |
| Laundry | 5.9 |
| Shopping | 4.0 |
| Tutoring | 2.0 |
| Nurse | 3.5 |
| Chauffeur | 3.5 |
| Dietitian | 1.2 |

Walker v. Walker

| | |
|---|---|
| Dishwasher | 5 |
| Child Care | 128 |
| Family Counseling | 3.5 |
| Seamstress | 1.0 |

21. The defendant provides no homemaking contribution for the minor child.

. . . .

23. The Court takes judicial notice of the substantial increase in the costs of raising a child caused by inflation.

. . . .

25. The Court finds as a fact that the plaintiff is in need of financial assistance from defendant father for the partial support of the child. And that he is capable of providing such support.

The Court then concluded as a matter of law that:

4. The Court has taken the terms of the Separation Agreement into consideration but finds as a matter of law that this agreement does not operate to remove the child, Tiffany Walker, from the supervision of the Court in regards to the matter of support and that the Court is not bound by the terms of the agreement. The Court finds that as a matter of law there has been a showing of need by the plaintiff which requires the change of the provision of the separation agreement relating to support. The Court determines that the welfare of the child and the estates of the parties require that the defendant pay 60% of the child's reasonable needs or $387.00. This amount is exclusive of any amount the defendant is required to pay as alimony. The Court finds as a matter of law that the plaintiff is not required to show a substantial change in circumstances in order to modify the separation [sic] but rather, the plaintiff must show the amount reasonably required for the support of the child at the time of this hearing. Nevertheless, this Court finds that as a matter of law there has been a material change of circumstances in that the plaintiff no longer resides in the marital home which she was forced to sell; that the needs of the child for support of the minor from defendant clearly exceed

the $175.00 per month payment required in the separation agreement; and that the income of the defendant has increased from $25,000.00 per year to $32,000.00 per year.

These findings of fact and conclusions of law must be supported by competent evidence. *Wyatt v. Wyatt,* 32 N.C. App. 162, 231 S.E. 2d 42 (1977). The trial court's order increasing the amount of child support which defendant must pay can be disturbed only upon a showing of a gross abuse of discretion. *Coggins v. Coggins,* 260 N.C. 765, 133 S.E. 2d 700 (1963); *Wyatt v. Wyatt, supra.*

[3] The trial court took judicial notice of the general effect of inflation on the cost of raising a child without making findings as to its particular effect upon the amount necessary to provide reasonable support for the child in the case *sub judice.* We hold that the trial court did not abuse its discretion by taking judicial notice of the current inflationary economic trend. Our Supreme Court has previously taken judicial notice of the general effect of inflation, stating that "[i]t is a matter of common knowledge that the value of the dollar has depreciated during the past several years, resulting in a higher price for commodities, including real estate." *In re Pine Raleigh Corp.,* 258 N.C. 398, 402, 128 S.E. 2d 855, 858 (1963).

[4] We next consider whether the trial court erred in basing its order increasing defendant's support payments in part upon the finding of fact and conclusion of law that plaintiff "was forced to sell the home" which defendant had deeded to her under the terms of the separation agreement. The only evidence in the record directly on this point was the response of plaintiff when asked if she had sold the home: "Yes, I had to." Her testimony further revealed that she was currently renting an apartment in which she and her daughter resided. There was no evidence in the record indicating that plaintiff's costs had increased as a result of the sale of the home and the renting of an apartment. Plaintiff's mere assertion that she "had to" sell the house does not establish an increase in child support costs and does not provide a basis for ordering an increase in child support payments.

[5] Defendant also assigns as error the trial court's consideration of his increased income as a factor in determining the amount reasonably necessary to support his child. "[T]he court upon mo-

tion for an increase in such allowance, is not warranted in order-ing an increase [in support] in the absence of any evidence of a change in conditions or of the need for such increase, particularly when the increase is awarded solely on the ground that the fa-ther's income has increased, therefore, he is able to pay a larger amount." *Fuchs v. Fuchs*, 260 N.C. 635, 639, 133 S.E. 2d 487, 491 (1963). Only upon a determination that the reasonable needs of the child require an increase in child support payments, could the trial court properly consider defendant's increased income as a factor in determining the amount of that increase. We must there-fore address defendant's contention that there was no competent evidence supporting the findings of fact and conclusions of law that the child's reasonable expenses exceeded defendant's present monthly child support payment.

The trial court found that the child had reasonable monthly expenses of $645.00. Included in this total were several expend-itures for essentials which plaintiff would have made even if her daughter had not been residing with her. These fixed expenses in-cluded rent, electricity, telephone, home repairs, and transporta-tion. Defendant's brief asserts that the trial court arrived at these amounts simply by allocating one-half of each of the fixed expenses to the minor child. There is certainly no evidence to support an assumption that one-half of the cost in each of these categories should be attributed to the minor child. While some portion of each of these expenditures might be attributable to the child, there was no evidence in the record proper supporting the trial court's assumption that the particular amount allocated to each of these categories should be attributed to the minor child.

In addition, the trial court found as a reasonable monthly ex-pense a $43.49 expenditure for Christmas and birthday gifts. Over a twelve-month period this would amount to $521.88 for gifts alone. We hold this expense to be patently unreasonable in light of the fact that significant expenditures for the benefit of the child were already being made monthly for Cable TV, newspapers and magazines, food away from home, clothing, personal items and recreation.

For the foregoing reasons we hold that, because of the lack of competent supporting evidence, the court erred in concluding as a matter of law that the child's reasonable monthly expenses totalled $645.00.

We reverse and remand for further findings of fact and conclusions of law in accordance with this opinion.

Reversed and remanded.

Judge WEBB concurs.

Judge JOHNSON concurs in part and dissents in part.

Judge JOHNSON concurring in part and dissenting in part.

I fully concur with the majority's disposition of defendant's assignments of error relating to his motion to dismiss, whether the plaintiff need show a substantial change in circumstances from the time of the separation agreement as justification for an increase in child support payments, and the basis on which the court ordered an increase in defendant's child support payments. In addition, I agree with the deletion of the $43.49 expenditure for Christmas and birthday gifts from the list of reasonable monthly expenses for the child. Clearly these are not regular *monthly* expenditures. However, I must respectfully dissent from that portion of the opinion which holds that the trial court erred in its determination of the child's monthly expenses.

In my opinion, the trial court committed no error by allocating to the minor child one-half of the cost of each of the fixed expenses listed by the plaintiff mother. To require the District Court judge to determine as a matter of law the actual amount of rent, electricity, telephone, home repairs, and transportation used by the parties' child with any greater precision than this would be to impose a nearly impossible and needlessly time-consuming burden on the court. In the absence of evidence to the contrary, it is entirely proper for the court to allocate one-half of the fixed living expenses to the minor child who resides with her mother in determining the amount to be paid by defendant for the child's monthly support.