GLORIA C. BOYD v. JAMES E. BOYD

No. 8526DC1033

(Filed 3 June 1986)

1. **Divorce and Alimony § 24.2— child support—separation agreement—motion to modify—burden of proof**

    When a motion is made to modify the child support provisions of a separation agreement which has not previously been incorporated into an order or judgment of the court, the moving party's only burden is to show the amount of support necessary to meet the reasonable needs of the child at the time of the hearing. Should the evidence establish that such amounts substantially exceed the amount agreed upon in the separation agreement, such evidence would necessarily rebut the presumption of reasonableness created in *Fuchs v. Fuchs*, 216 N.C. 635, and establish the need for an increase; absent such a showing, the agreement of the parties will be deemed reasonable. N.C.G.S. § 50-13.4(b) and (c).

2. **Divorce and Alimony § 24.2— child support—separation agreement—medical and dental expenses—specific performance**

    The trial court did not erroneously order defendant to specifically perform those portions of a separation agreement relating to payment of medical and dental expenses and maintenance of medical insurance for each child where plaintiff had not sought specific performance and the court did not order specific performance; the court found the provisions of the agreement relating to medical and dental care to be reasonable and incorporated those provisions into its order for child support; and the provisions of the order relating to payment for medical and dental care and insurance coverage were directly related to the health and maintenance of the children and were well within the court's discretion.

3. **Divorce and Alimony § 24.9— child support—findings inadequate**

    The trial court's findings of fact were inadequate to support its conclusions as to the amount reasonably required of defendant for the support of his children or as to his ability to pay that amount where the record contained extensive evidence with respect to the incomes and estates of each of the parties and ample findings relating to those factors, but no findings as to reasonable expenses. N.C.G.S. § 50-13.4(b) and (c).

Boyd v. Boyd

**4. Divorce and Alimony § 24.9— child support—no findings as to actual past or present expenses**

The trial court's findings concerning child support were deficient in that plaintiff's itemized expenses of $1,654.16 were based on expenses several months before the hearing when plaintiff was providing and maintaining a residence for herself and her children; plaintiff had remarried and moved her children into her new husband's home; plaintiff testified that expenses for the children had remained the same or increased but offered no other evidence as to the expenses of the children on the date of the hearing; the court found that the reasonable needs of the children amounted to at least $1,050.00; but there were no specific findings with respect to actual past or present expenses incurred for the support of the children.

**5. Divorce and Alimony § 24.9— retroactive child support—not supported by findings**

The trial court erred in an action for increased child support by finding that defendant's $800.00 monthly obligation should be retroactive without making findings supporting the amount of the retroactive award or the date to which the obligation was made retroactive.

**6. Divorce and Alimony § 27— attorney fees—husband's obligation to pay wife's fees—not excused by prior voluntary payment**

In an action for increased child support, defendant was not excused from any obligation to pay plaintiff's counsel fees by reason of his prior voluntary payment of an amount higher than that called for in the separation agreement. The action was precipitated by defendant's unilateral reduction in the amount which he had been voluntarily paying and was grounded upon plaintiff's allegation that the reduced amount was inadequate; on remand, an order requiring defendant to assist in the payment of counsel fees would be appropriate if otherwise authorized under N.C.G.S. § 50-13.6 and if the court should determine that defendant deprived his children of such support as they were entitled to under the circumstances.

**7. Divorce and Alimony § 27— attorney fees—findings not sufficient**

An award of attorney fees to plaintiff in an action for increased child support was vacated where the court's findings were insufficient with respect to the amount of child support defendant should be required to pay; moreover, the Court of Appeals could not say that plaintiff was unable to employ counsel to meet defendant on substantially even terms where plaintiff received a salary of nearly $1,400.00 per month; had savings and cash management accounts aggregating in excess of $7,000.00; owned a house and lot with equity of more than $24,000.00 and yielding a gross rental of $500.00 per month; owned other real property valued at $2,000.00; owned a $15,000.00 Porsche automobile; there was scant evidence of plaintiff's liabilities or expenses except for her mortgage on the rented property and her car payment; there was evidence that defendant earned in excess of $54,000.00 per year and had accumulated savings immediately available to him of $40,000.00; he and his new wife had purchased a home valued at approximately $60,000.00; and there was evidence, but no findings, that defendant's taxes, insurance and expenses total nearly $31,000.00.

APPEAL by defendant from *Cantrell, Judge*. Judgment entered 28 February 1985 in District Court, MECKLENBURG County. Heard in the Court of Appeals 12 February 1986.

Plaintiff and defendant were married to each other in 1969 and separated in February 1982. They have two minor daughters. According to the terms of a separation agreement executed by the parties at the time of their separation, plaintiff was given custody of the children and defendant agreed to pay $380.00 per month as child support. Defendant also agreed to provide hospitalization insurance for the children and to pay for all of their medical and dental expenses, except for orthodontic expenses which the parties agreed to divide equally. The parties were divorced on 29 April 1983.

Defendant paid $380.00 for child support in February and March 1982. Commencing in April 1982, and continuing through December of that year, he paid $400.00 per month. In January and February 1983, defendant paid $800.00 per month, and then paid $700.00 per month until May 1984. Beginning in June 1984, defendant reduced the monthly child support payments to $500.00.

In response to defendant's reduction of his child support payments, plaintiff filed a motion on 29 June 1984, alleging that $500.00 per month was inadequate to meet the needs of the children. She requested that she be awarded custody of the children, reasonable child support, and attorney's fees. Defendant answered, alleging that he had paid child support in excess of that required by the separation agreement. He also sought custody of the children. As a result of court-ordered mediation, the custody dispute was resolved by agreement of the parties and an order was entered on 8 January 1985 which provided that the children would continue to live with plaintiff and that defendant would continue to have the same visitation rights as had been provided by the separation agreement.

Plaintiff's motion for child support was heard on 18-20 February 1985 and on 28 February 1985 an order was entered requiring defendant (1) to pay $800.00 per month for child support; (2) to provide hospitalization insurance for the children and to pay all medical and dental expenses incurred by the children which are not covered by insurance; (3) to pay one-half of all orthodontic

expenses incurred by the children which are not covered by insurance; (4) to make one lump-sum payment of child support in the amount of $1,500.00; and (5) to pay $1,500.00 as attorney's fees to plaintiff's attorney. Defendant appeals.

*Casstevens, Hanner & Gunter, by Nelson M. Casstevens, Jr., for plaintiff appellee.*

*James, McElroy & Diehl, by William K. Diehl, Jr., for defendant appellant.*

MARTIN, Judge.

I

[1] By his first argument defendant brings forward four assignments of error grounded upon eleven exceptions to the findings of fact and conclusions of law contained in the court's order. The basis of his argument is that since the parties had agreed in their separation agreement as to the amount which defendant would pay for support of the children, the court was not warranted in increasing that amount in the absence of proof by plaintiff and a finding by the court that circumstances relating to the reasonable needs of the children had substantially changed between the date of the separation agreement and the date of the hearing upon the motion for increase. He further contends that because plaintiff offered no evidence of a change in circumstances, there was no basis for any increase in the amount of child support provided by the terms of the separation agreement.

In those cases where the amount of support for minor children has been fixed by *court order*, a party seeking to modify the award of support must show a change in circumstances affecting the welfare of the child between the time of the prior order and the time of the hearing of the motion to modify it. G.S. 50-13.7; *Crosby v. Crosby*, 272 N.C. 235, 158 S.E. 2d 77 (1967). However, in those instances where child support is originally fixed by a *separation agreement* between the parties, which is not thereafter approved by the court and incorporated into an order or judgment, there is apparently some confusion as to the proof required of a party seeking to modify the child support provisions of the agreement. Some cases have held that the court may not modify the amount of child support agreed upon in the separation

agreement unless there is evidence of a change in conditions. *See Hershey v. Hershey*, 57 N.C. App. 692, 292 S.E. 2d 141 (1982); *Rabon v. Ledbetter*, 9 N.C. App. 376, 176 S.E. 2d 372 (1970). *See also dicta* in *Holthusen v. Holthusen*, 79 N.C. App. 618, 339 S.E. 2d 823 (1986). However, in *Perry v. Perry*, 33 N.C. App. 139, 234 S.E. 2d 449, *disc. rev. denied*, 292 N.C. 730, 235 S.E. 2d 784 (1977), the Court, while finding ample evidence of a change in circumstances, declared that the moving party was not required to show the needs of the child at the time the separation agreement was signed, but only the amount reasonably required for the support of the child at the time of the hearing. Implicit in this statement is the notion that no proof of a change in circumstances relating to the needs of the child is required. And, in *Walker v. Walker*, 63 N.C. App. 644, 306 S.E. 2d 485 (1983), the Court held that the party moving for modification "was not required to show a substantial change in circumstances from the time of the separation agreement as justification for an increase in child support payments." *Id.* at 647, 306 S.E. 2d at 486. *See Rice v. Rice*, 81 N.C. App. ---, 344 S.E. 2d 41 (1986).

It is well established that the provisions of a separation agreement relating to custody and support of minor children are not binding on the court, which has the inherent and statutory authority to protect the interests of children. *Crutchley v. Crutchley*, 306 N.C. 518, 293 S.E. 2d 793 (1982); *Fuchs v. Fuchs*, 260 N.C. 635, 133 S.E. 2d 487 (1963). However, in *Fuchs*, the Supreme Court recognized a presumption, in the absence of evidence to the contrary, that the amount of child support agreed upon in the separation agreement is reasonable. Consequently, the *Fuchs* court held that the trial court is "not warranted in ordering an increase in the absence of any evidence of a change in conditions *or of the need for such increase. . . ." Id.* at 639, 133 S.E. 2d at 491 (emphasis added). Scarcely one month later, the Supreme Court decided *Williams v. Williams*, 261 N.C. 48, 134 S.E. 2d 227 (1964). In *Williams* the Court clearly distinguished the showing which is required upon a motion for increase in *court ordered* child support from that required when the amount of child support has been fixed by *separation agreement*.

When a wife petitions the judge to increase the amount which the Court itself has previously fixed for the support of minor children, she assumes the burden of showing that cir-

cumstances have changed between the time of the order and the time of the hearing upon the petition for increase . . . . However, . . . in this case, the defendant's support payments for the children had been made pursuant to the terms of a deed of separation which was in no way binding on the court insofar as it applied to the children. Therefore, plaintiff's only burden was to show the *amount reasonably required for the support of the children at the time of the hearing.* The amount which the parties fixed . . . was merely evidence for the judge to consider, along with all the other evidence in the case, in determining a reasonable amount for support of the children.

*Id.* at 58-59, 134 S.E. 2d at 234-35 (emphasis added). Referring to the presumption created by *Fuchs,* the Court explained that an increase in the amount of child support mutually agreed upon is not warranted "in the absence of *any* evidence of the need for such increase." *Id.* at 59, 134 S.E. 2d at 235.

When a motion is made to modify the child support provisions of a separation agreement which has not previously been incorporated into an order or judgment of the court, the court is called upon, for the first time, to exercise its authority to see that the reasonable needs of the child are provided for commensurate with the abilities of those responsible for the child's support. We hold, under the authority of *Williams,* that the moving party's only burden is to show the amount of support necessary to meet the reasonable needs of the child at the time of the hearing. Should the evidence establish, giving due regard to the factors contained in G.S. 50-13.4(b) and (c), that such amount substantially exceeds the amount agreed upon in the separation agreement, such evidence would necessarily rebut the presumption of reasonableness created in *Fuchs* and establish the need for an increase. Absent such a showing, the agreement of the parties will be deemed to be reasonable. While evidence of a change in circumstances, involving a comparison of actual expenditures and other circumstances between the time of the separation agreement and that date of the hearing, may be relevant to the issue of reasonableness, such evidence is not an absolute requirement to justify an increase.

## II

Having concluded that plaintiff is not required to show a change in circumstances, but only the present reasonable needs of the children, in order to justify modification of the child support provisions of the separation agreement, we turn now to a consideration of defendant's assignments of error relating to the amount of support which he was ordered to pay.

[2] Initially, defendant contends that the trial court entered a judgment which required him to specifically perform those provisions of the separation agreement relating to payment of medical and dental expenses and maintenance of medical insurance for each child. Citing *Christie v. Christie*, 59 N.C. App. 230, 296 S.E. 2d 26 (1982), defendant contends that the trial court erred in awarding specific performance of those provisions of the agreement without first finding that plaintiff had no adequate remedy at law. We find his reliance on *Christie* to be misplaced and his argument without merit. Plaintiff did not seek specific performance of any provisions of the separation agreement nor did the trial court decree specific performance. A fair reading of the order indicates that the court found the provisions of the agreement relating to medical and dental care to be reasonable and incorporated those provisions into its order for child support. The provisions of the order relating to payment for medical and dental care and insurance coverage for the children are directly related to the health and maintenance of the children and are well within the discretion of the trial court.

[3] Defendant next contends that the court's findings of fact are inadequate to support its conclusions as to the amount reasonably required of him for the support of the children or as to his ability to pay that amount. In these respects, his contentions have merit.

Support for minor children is an obligation shared by both parents according to their relative abilities to provide support and the reasonable needs and estate of the child. G.S. 50-13.4(b); *Plott v. Plott*, 313 N.C. 63, 326 S.E. 2d 863 (1985). The amount of each parent's contribution to the support of the child is based upon the trial court's evaluation of each parent's circumstances, including a determination of certain factors mandated by G.S. 50-13.4(c):

(c) Payments ordered for the support of a minor child shall be in such amounts as to meet the reasonable needs of the child for health, education, and maintenance, having due regard to the estates, earnings, conditions, accustomed standard of living of the child and the parties, the child care and homemaker contributions of each party, and other facts of the particular case.

*Plott v. Plott, supra.* In order to comply with the statute, the trial court is required to make findings of fact with respect to the factors listed in the statute which findings must be sufficiently specific to support its conclusions of law with respect to the amount reasonably necessary for support of the child and the relative abilities of the parties to provide that support. *Id.* Such findings are required in order that the appellate court may determine whether the trial court gave due consideration to these factors and whether the order for support is sufficiently supported by competent evidence. *Id.* The trial court's consideration of the factors contained in G.S. 50-13.4(c) is an exercise in sound judicial discretion however, and if its findings are supported by competent evidence in the record, its determination as to the proper amount of support will not be disturbed on appeal. *Id.* A recitation of all evidentiary facts presented at the hearing is not required; those facts required to be found are those facts which are determinative of the rights and obligations of the parties and essential to support the court's conclusions of law. *Quick v. Quick,* 305 N.C. 446, 290 S.E. 2d 653 (1982). With respect to an order for child support, the factual findings must be sufficiently specific to enable the appellate court to determine that the trial court "took 'due regard' of the particular 'estates, earnings, conditions, [and] accustomed standard of living' of both the child and the parents" in determining "(1) the amount of support necessary to 'meet the reasonable needs of the child' and (2) the relative ability of the parties to provide that amount." *Coble v. Coble,* 300 N.C. 708, 712, 268 S.E. 2d 185, 189 (1980).

The record in the present case contains extensive evidence with respect to the income and estates of each of the parties and the order contains ample findings of fact relating to those factors. However, notwithstanding evidence contained in financial affidavits submitted by both parties and in their testimony at the hearing, the court made no findings as to their reasonable ex-

penses. "It is not enough that there may be evidence in the record sufficient to support findings which *could have been made.* The trial court must itself determine what pertinent facts are actually established by the evidence before it. . . ." *Id.* Without findings relating to the parties' reasonable expenses, there is no basis for a determination as to the relative abilities of the parents to provide the support necessary to meet the reasonable needs of the children. *Little v. Little*, 74 N.C. App. 12, 327 S.E. 2d 283 (1985) (citing *Newman v. Newman*, 64 N.C. App. 125, 306 S.E. 2d 540, *disc. rev. denied*, 309 N.C. 822, 310 S.E. 2d 351 (1983)).

[4]   The order is similarly deficient in another respect. Plaintiff's affidavit itemized expenses for the children totalling $1,654.16. The calculations were based, according to plaintiff's testimony, on estimates of expenses incurred several months before the hearing when plaintiff was providing and maintaining a residence for herself and the children. Approximately four months before the hearing, plaintiff remarried and moved, with the children, into her new husband's home. Although she testified that expenses for the children had remained the same or had increased since her remarriage, she offered no other evidence as to the reasonable expenses of the children as of the date of the hearing. The trial court found that the reasonable needs of the children amounted to "at least $1,050.00," implying that the court considered some portion of the expenses claimed by plaintiff to be unreasonable. "In order to determine the reasonable needs of the child, the trial court must hear evidence and *make findings of specific fact* on the child's actual past expenditures and present reasonable expenses." *Atwell v. Atwell*, 74 N.C. App. 231, 236, 328 S.E. 2d 47, 50 (1985) (citing *Newman v. Newman, supra*) (emphasis added). The determination of what portion of the claimed expenses is reasonable, and what portion is unreasonable, in arriving at an amount necessary to meet the reasonable needs of the child, "requires an exercise of judgment and is therefore not a question of fact but a conclusion of law." *Plott v. Plott, supra* at 74, 326 S.E. 2d at 870. The order in the present case contains no specific findings with respect to the actual past or present expenses incurred for the support of these children and is, therefore, insufficient to support the court's conclusion that the reasonable needs of the children amounted to $1,050.00.

[5]    The trial court also specified that defendant's $800.00 month-
ly child support obligation should be made "retroactive to Oc-
tober 1 or October 5, 1984" and ordered him to pay $1,500.00 in
lump-sum child support. However, we can discern no finding of
fact which supports either the amount of the retroactive award or
the date to which the defendant's obligation was made retroac-
tive.

In summary, that portion of the court's order setting the
amount of defendant's child support obligation is not supported
by appropriate and adequate findings of fact to permit an ap-
pellate court to determine whether the award was supported by
competent evidence or whether it amounted to an abuse of discre-
tion. *Quick v. Quick, supra.* Therefore, the cause must be re-
manded.

III

[6]    Finally, defendant contends that the trial court erred in re-
quiring him to pay a portion of plaintiff's attorney's fees. In order
to award attorney's fees in an action involving only child support

the trial court must find as fact that (1) the interested party
(a) acted in good faith and (b) has insufficient means to defray
the expenses of the action and further, that (2) the supporting
party refused to provide adequate support "under the cir-
cumstances existing at the time of the institution of the ac-
tion or proceeding."

*Brower v. Brower,* 75 N.C. App. 425, 429, 331 S.E. 2d 170, 174
(1985).

Defendant argues that he should be excused from any obliga-
tion to pay counsel fees by reason of his voluntary payment of an
amount for the support of the children which exceeded that called
for in the separation agreement. We reject this argument. Plain-
tiff's application for an order requiring defendant to pay reason-
able child support was precipitated by defendant's unilateral
reduction in the amount which he had been voluntarily paying
and was grounded upon plaintiff's allegation that the reduced
amount was inadequate. Should the court, upon remand, deter-
mine upon proper findings of fact that defendant, by reducing his
payments, deprived his children of such adequate support as they
were entitled to have provided for them under the circumstances,

an order requiring defendant to assist in the payment of plaintiff's counsel fees would, if otherwise authorized under G.S. 50-13.6, be appropriate. *See Teague v. Teague*, 272 N.C. 134, 157 S.E. 2d 649 (1967).

[7] For other reasons, however, the trial court's order with respect to attorney's fees must be vacated and that issue remanded for consideration anew. We have concluded that the court's findings are insufficient to support its determination with respect to the amount which defendant should be reasonably required to pay for the support of his children. The court's determination of that issue, upon remand, will necessarily have a direct bearing upon the issue of whether defendant, by paying $500.00 per month, has "refused to provide support which is adequate under the circumstances existing at the time of the institution of the action or proceeding. . . ." G.S. 50-13.6.

Moreover, the statute requires that the party seeking attorney's fees have "insufficient means to defray the expenses of the action." *Id.* That requirement has been interpreted as meaning that the party seeking counsel fees "must be unable to employ adequate counsel in order to proceed as litigant to meet the other spouse as litigant in the suit." *Hudson v. Hudson*, 299 N.C. 465, 474, 263 S.E. 2d 719, 725 (1980). The findings required by the statute must be supported by competent evidence and are fully reviewable on appeal. *Id.* Our review of the evidence in this case discloses that plaintiff receives a salary of nearly $1,400.00 per month, has savings and cash management accounts aggregating in excess of $7,000.00, owns a house and lot with equity of more than $24,000.00 and yielding a gross rental of $500.00 per month, owns other real property valued at $2,000.00 and owns a $15,000.00 Porsche automobile. There was, however, scant evidence of her liabilities or expenses, except for her mortgage payment on the rental property and her car payment. There was evidence that defendant earns in excess of $54,000.00 per year, has accumulated savings which are immediately available to him in the approximate amount of $40,000.00, and that he and his new wife have purchased a home valued at approximately $60,000.00. There was evidence, though no findings were made, that his taxes, insurance and expenses total nearly $3,100.00 per month, and that he has debts totalling nearly $31,000.00. In the absence of additional evidence with respect to plaintiff's expenses and liabilities, we

cannot say that plaintiff is unable to employ counsel to meet defendant on substantially even terms. *See Hudson, supra.*

## IV

For the foregoing reasons, the order for child support and attorney's fees is vacated and this cause is remanded to the District Court of Mecklenburg County for further findings of fact, conclusions of law, and a determination of the amount which defendant should be reasonably required to pay for the support of his children and for such other proceedings as are consistent with this opinion.

Vacated and remanded.

Judges BECTON and JOHNSON concur.