CATHERINE DARRAH HOLDERNESS v. HOWARD HOLDERNESS, JR.

No. 8818DC109

(Filed 2 August 1988)

**Divorce and Alimony § 24.9— child support—insufficiency of findings**
　　The trial court erred in modifying child support provisions of a separation agreement where the court made no findings as to the reasonable expenses of the parties and no specific findings with respect to the actual past or present expenses incurred for the support of the children; therefore, there was no basis for a determination as to the parties' relative abilities to provide child support and as to the amount required for the reasonable needs of the children to be met.

APPEAL by defendant from *Lowe (W. Edmund), Judge.* Order entered 12 November 1987 in District Court, GUILFORD County. Heard in the Court of Appeals 7 June 1988.

Plaintiff and defendant were married to each other in 1977 and separated in December 1985. They have three minor children. According to the terms of a separation agreement executed by the parties at the time of their separation, joint custody was stipulated and defendant agreed to pay $1,800.00 per month child support. Defendant also agreed to provide health insurance for the children and take responsibility for all extraordinary unin-

sured medical and dental expenses. The parties were divorced on 12 December 1986.

Plaintiff initiated this action for child support and custody on 13 August 1986. The complaint sought among other things an increase in child support over the amount set forth in the separation agreement. Plaintiff's claim for child support was heard on 22 October 1987. The trial court did not hear evidence but entered its order based on affidavits of income and expenses filed by the parties.

During an in-chambers meeting with counsel for the parties, the trial judge commented that some of the expenses for the children, specifically child care expenses and the proportion of fixed household expenses attributed to the children, appeared to be high. There was no discussion or inquiry by the court regarding plaintiff's listed personal expenses. Other than an inquiry as to the colleges attended by defendant's children from a previous marriage, the court did not question defendant's listed expenses.

On 12 November 1987 an order was entered requiring defendant to pay (1) $2,800.00 per month to plaintiff for child support, an increase of $1,000.00 per month over the amount in the parties' agreement and (2) $1,000.00 in attorney's fees to plaintiff's attorney. Defendant appeals.

*Luke Wright for plaintiff-appellee.*

*Smith, Helms, Mulliss & Moore, by Ramona J. Cunningham and Jeri L. Whitfield, for defendant-appellant.*

SMITH, Judge.

Defendant brings forward several assignments of error and puts forth as his primary argument the trial court's failure to make adequate findings of fact and conclusions of law. He contends that the court's findings of fact are inadequate to support its conclusions as to the amount reasonably required for the support of the children, defendant's ability to pay that amount and plaintiff's ability to contribute to such support. We agree.

In an action to modify child support provisions of a separation agreement which has not previously been incorporated into an order of judgment of the court, the court is called upon, for the

first time, to make a determination that the reasonable needs of the children are provided for in accordance with the abilities of those responsible for the children's support. *Boyd v. Boyd*, 81 N.C. App. 71, 343 S.E. 2d 581 (1986). "[T]he moving party's only burden is to show the amount of support necessary to meet the reasonable needs of the child[ren] at the time of the hearing." *Id.* at 76, 343 S.E. 2d at 585.

To comply with G.S. 50-13.4(c), the trial court is required to make findings of fact with respect to the factors listed in the statute. *Boyd v. Boyd, supra; Plott v. Plott*, 313 N.C. 63, 326 S.E. 2d 863 (1985). "It is not enough that there may be evidence in the record sufficient to support findings which could have been made." *Coble v. Coble*, 300 N.C. 708, 712, 268 S.E. 2d 185, 189 (1980). The trial court must make findings of fact on the parties' incomes, estates and present reasonable expenses in order to determine their relative ability to pay. *Newman v. Newman*, 64 N.C. App. 125, 306 S.E. 2d 540, *disc. rev. denied*, 309 N.C. 822, 310 S.E. 2d 351 (1983). Such findings are required for the appellate court to determine whether the trial court gave "due regard" to the factors listed. *Boyd v. Boyd, supra. See Atwell v. Atwell*, 74 N.C. App. 231, 328 S.E. 2d 47 (1985).

The record in the present case contains evidence with respect to the income and estates of each of the parties. Notwithstanding this evidence, the trial court made no findings as to their reasonable expenses. Without findings relating to parties' reasonable expenses, there is no basis for a determination as to the parties' relative abilities to provide the support necessary to meet the reasonable needs of the children. *Boyd v. Boyd, supra.* The order in this case fails to meet these requirements.

The trial court's order is also deficient in its findings of fact regarding the children's reasonable needs. In plaintiff's affidavit, the itemized expenses for the children totalled $3,897.06 per month. In reviewing these expenses, the trial judge indicates in his order without making a specific finding that child care expenses and the proportion of fixed household expenses attributed to the children appeared to be high. However, he found the monthly needs of the children to be the exact amount set forth in plaintiff's affidavit, $3,897.06. This finding was made notwithstanding the fact that the order recites that plaintiff's counsel ad-

mitted that $600.00 miscellaneous expenses no longer existed. "In order to determine the reasonable needs of the child, the trial court must hear evidence and make findings of specific fact on the child's actual past expenditures and present reasonable expenses." *Atwell v. Atwell,* 74 N.C. App. at 236, 328 S.E. 2d at 50. The order contains no specific findings with respect to the actual past or present expenses incurred for the support of these children and is, therefore, insufficient to support the court's conclusion that the reasonable needs of the children amounted to $2,800.00 per month. Having held the order deficient, there is no need to address defendant's other assignments of error.

For the foregoing reasons, this case is remanded for findings of fact and conclusions of law in accordance with this opinion.

Vacated and remanded.

Judges EAGLES and ORR concur.