BETTY SMITH MORRIS (PLOTT) v. MICHAEL CHRISTOPHER MORRIS

No. 8821DC383

(Filed 20 December 1988)

1. **Divorce and Alimony § 24.1— child support—shared custody—guidelines of Chief District Court Judges**

   The fact that defendant had sole custody of and furnished the sole support for one of the parties' three children while contributing to the support of the two children in plaintiff's custody justified the trial court's consideration of the "shared custody" factor set forth in N.C.G.S. § 50-13.4(c1)(2) in a child support proceeding, and the trial court did not err in concluding that the guidelines of the Conference of Chief District Court Judges could not practically be applied because of the shared physical custody arrangement.

2. **Divorce and Alimony § 24.2— child support—amount in separation agreement —evidence of appropriate amount**

   When the trial court is called upon for the first time to determine the appropriate level of child support, the presumption of reasonableness of the amount of child support provided for in a separation agreement is one of evidence only; that is, the agreed upon amount of support constitutes some evidence of the appropriate level of support, but this evidence must be weighed and considered by the trial court with all other relevant and competent evidence bearing upon the factors set forth in N.C.G.S. § 50-13.4(c).

**3. Divorce and Alimony § 24.2— child support—improper reliance on separation agreement—remand for proper determination**

  A child support proceeding must be remanded for a proper determination of the amount of support where the trial court improperly weighed and relied upon the amount provided for in an amended separation agreement.

APPEAL by plaintiff from *Harrill, James A., Jr., Judge*. Order entered 16 November 1987 in FORSYTH County District Court. Heard in the Court of Appeals 1 November 1988.

Plaintiff and defendant were married on 12 July 1970. The parties subsequently had three children: Jennifer Lynn Morris, born 28 December 1971; Amanda Caroline Morris, born 9 March 1974; and Michael Christopher Morris, II, born 16 August 1976. Plaintiff and defendant separated on or about 31 March 1983 and were divorced on 24 April 1984. Prior to their divorce, the parties entered into a separation agreement on 16 May 1983 which provided *inter alia* that the plaintiff have custody of the minor children and that defendant pay $500 a month for child support and provide medical and life insurance.

In 1985, the parties entered into a modification of the separation agreement which provided that plaintiff would have custody of Jennifer and Amanda, that defendant would have custody of Michael, and that defendant would pay $330.00 per month for the support of Jennifer and Amanda. Both parties are employed, as are their respective spouses. Plaintiff's monthly gross income was $1,587.00; her present husband's annual income was in excess of $55,000.00. Defendant's monthly gross income was $2,678.00; his present wife earned approximately $36,000.00 per year. Defendant furnishes the sole support for Michael. On 1 September 1987 plaintiff made a motion to have reasonable child support established pursuant to N.C. Gen. Stat. § 50-13.4. Defendant responded to the motion in the form of a general denial. The matter came on for trial on 2 November 1987. At the hearing the trial court made findings of fact, a conclusion of law and entered an order directing defendant to pay plaintiff $174.90 a month for each child in her custody and to continue to carry medical insurance on the children. Defendant was also ordered to maintain the children as irrevocable beneficiaries of defendant's life insurance policies pursuant to the amended separation agreement.

Plaintiff appealed from this order.

*David F. Tamer for plaintiff-appellant.*

*Morrow, Alexander, Tash, Long & Black, by John F. Morrow and Clifton R. Long, Jr., for defendant-appellee.*

WELLS, Judge.

Defendant's brief contains a section which is denominated, "Motion to dismiss and Defendant-Appellee's Brief." The record on appeal contains no motion to dismiss filed in accordance with Rule 37 of the North Carolina Rules of Appellate Procedure. Therefore, we decline to address the motion as presented in defendant's brief.

[1] Plaintiff assigns error to finding of fact seven of the trial court's order. Finding of fact seven is as follows:

> (7) The guidelines of the conference of Chief District Court Judges are not practical to apply herein due to the shared physical custody arrangement herein.

This "finding" is more properly denominated a conclusion of law, as it decides a question of law rather than one of fact, namely, the applicability of guidelines prescribed by the Conference of Chief District Court Judges for use in child support cases to the facts and circumstances of the instant case. N.C. Gen. Stat. § 50-13.4(c1) (1987) states in part:

> The Conference of Chief District Judges shall prescribe uniform statewide advisory guidelines for the computation of child support obligations of each parent as provided in Chapter 50 or elsewhere in the General Statutes.

> Such advisory guidelines may provide for variation of the amount of support recommended based on one or more of the following:

> (2) any shared physical custody arrangements. . . .

An examination and interpretation of the statute as written clearly indicates that the guidelines prescribed by the Conference of Chief District Court Judges are not mandatory and binding but rather *advisory* in nature.

We note that the guidelines adopted pursuant to the statute provide for support payments to be based on a percentage of the

non-custodial parent's gross income (presently 25 percent for two children). Plaintiff contends that the trial court erred in making this disputed "finding" because it did not "find" how or why the shared custody arrangements rendered the guidelines not practical to apply in this case. We reject this argument. The fact that defendant had sole custody of one of the children and furnished his sole support, while defendant contributed to the support of the two children in plaintiff's custody, clearly justified the trial court's consideration of the "shared custody" factor.

In another assignment of error, plaintiff contends that the trial court erred in making and entering the following findings of fact and conclusions of law:

(10) The Court specifically finds that the plaintiff has failed to rebut the presumption that the amount mutually agreed upon in the June, 1985, amended separation agreement is a just and reasonable amount of child support for the defendant to pay to the plaintiff; that the Court finds that said amount is fair and reasonable, taking into consideration the estates, earnings, conditions and accustomed standard of living of the children and the parties, the child care and homemaker contributions of each party and other facts of this particular case, including, *inter alia*, the remarriages of the parties.

(11) As the defendant has received two five percent cost of living pay increases since the execution of the June, 1985, amended separation agreement, and as the defendant actually nets an increase in pay, after taxes, of approximately six percent of said increases in pay, the Court finds that it would be just and reasonable for the child support as agreed upon by the parties in the June, 1985, amended separation agreement to be increased by the sum of six percent for a total of $19.80 per month, or $9.90 per month per child.

. . .

Based upon the foregoing findings of fact, the Court concludes that, as there is a presumption in the absence of evidence to the contrary that the amount mutually agreed upon by the parties in the June, 1985, amended separation agreement is just and reasonable, and as the plaintiff has

failed to rebut said presumption by the greater weight of the evidence, and as the Court finds the amount agreed upon to be just and reasonable, taking into consideration the estates, earnings, conditions and accustomed standard of living of the children and the parties, the child care and homemaker contributions of each party and other facts of this particular case, including, *inter alia*, the remarriages of the parties, the defendant should be ordered to increase his child support payments by the sum of $9.90 per month per child, . . . .

[2] This Court's opinion in *Boyd v. Boyd*, 81 N.C. App. 71, 343 S.E. 2d 581 (1986) contains an excellent analysis of the appropriate weight to be given child support payments agreed upon in separation agreements when a trial court is called upon for the first time to determine the appropriate level of such payments. *See also* this Court's opinion in *Holderness v. Holderness*, 91 N.C. App. 118, 370 S.E. 2d 602 (1988). We perceive that the teachings of *Boyd* and *Holderness* and the opinions of our Supreme Court reviewed and relied upon therein is that the "presumption" of reasonableness of the agreed upon level of support in such cases is one of evidence only; that is, the agreed upon level of support constitutes some evidence of the appropriate level of support, but that this evidence must be weighed and considered by the trial court together with all other relevant and competent evidence bearing upon the statutory factors set out in N.C. Gen. Stat. § 50-13.4 (c) (1987). In other words, in cases such as the one now before us, the trial court is writing upon a clean slate, and the previously agreed upon level of support is but one factor to be considered.

In this case, plaintiff filed a financial affidavit which tended to show that her two daughters required support in the amount of $2,023.00 per month. At trial, plaintiff testified that as her daughters grew older, it cost more to maintain them and that the cost of food, clothing, and personal upkeep had gone up considerably since her separation from defendant.

[3] We conclude that in this case the trial court may have improperly weighed or relied upon the agreed upon level of support, the clear implication being that it may have failed to properly consider and weigh all of the evidence bearing upon the statutory factors. Because it must be properly addressed on remand, we note and emphasize that the trial court's order does not contain a

specific finding as to level of support needed "to meet the reasonable needs of the [children] for health, education, and maintenance . . . ," G.S. 50-13.4(c), a necessary aspect of such an order.

For the reasons stated, we vacate the order of the trial court and remand this case for further proceedings consistent with this opinion. There being no questions urged upon us as to the record of evidence adduced at the previous hearing, we do not order a new trial.

Vacated and remanded.

Judges ARNOLD and COZORT concur.