TOPPER v. TOPPER

[105 N.C. App. 239 (1992)]

━━━━━━━━

RICHARD JACK TOPPER v. BONNIE EVERHART TOPPER

No. 9121DC90

(Filed 21 January 1992)

**Appeal and Error § 447 (NCI4th)— issues raised for first time on appeal—appeal dismissed**

Defendant's appeal from summary judgment for plaintiff on a claim for equitable distribution is dismissed where defendant attempted to raise for the first time on appeal issues of fraud and the statute of limitations.

**Am Jur 2d, Appeal and Error § 545.**

TOPPER v. TOPPER

[105 N.C. App. 239 (1992)]

APPEAL by defendant from judgment entered 28 August 1988 in FORSYTH County District Court by *Judge Margaret L. Sharpe.* Heard in the Court of Appeals 6 November 1991.

In January 1990, plaintiff brought this action for absolute divorce. Defendant answered admitting the grounds for divorce, asked for a divorce, and asserted a claim for equitable distribution of the parties' marital estate.

Plaintiff filed a reply in which he asserted as a bar to defendant's equitable distribution claim that the parties had entered into a separation agreement and property settlement.

After a consent order severing the issues, the trial court entered a judgment granting plaintiff an absolute divorce. Plaintiff then duly moved the court for summary judgment in his favor on the claim for equitable distribution. From the trial court's judgment granting that motion, defendant has appealed.

*Davis & Harwell, P.A., by Joslin Davis and Robin J. Stinson, for plaintiff-appellee.*

*Greeson, Grace and Gatto, P.A., by Joseph J. Gatto and Lisa S. Costner; and David F. Tamer; for defendant-appellant.*

WELLS, Judge.

The forecast of evidence before the trial court shows that on 10 March 1986, plaintiff and defendant entered into a separation agreement and property settlement. In that document the parties agreed to a division and distribution of their property, releasing and discharging each other from all claims, rights, and duties arising out of their marriage except as set forth in the agreement. The document contains, *inter alia*, three paragraphs pertinent to defendant's appeal as follows:

SECTION FIVE: CONCLUSION

ARTICLE I.

VOLUNTARY EXECUTION: Each of the parties hereto acknowledge that the provisions of this Agreement and their legal effect have been reviewed by the parties, and each party acknowledges that the Agreement is fair and equitable, that it is being entered into voluntarily, and that it was not the result of any duress or undue influence.

ARTICLE II.

ENTIRE AGREEMENT: The parties acknowledge that this Agreement contains the entire undertaking of the parties, that there are no representations, warranties, covenants or undertakings other than those expressly set forth in this Agreement.

ARTICLE III.

EQUITABLE DISTRIBUTION: Husband and Wife both acknowledge and agree that the property settlement herein contained constitutes an equitable distribution of all marital property and the parties hereby waive any further rights to an equitable distribution of property pursuant to NCGS § 50-20 et seq. This Agreement is made pursuant to the provisions of NCGS § 50-20(d) and shall be binding on both Husband and Wife.

. . .

Defendant's counterclaim asserted a statutory claim for equitable distribution, but made no mention of the separation agreement and property settlement. In one of her arguments to this Court, defendant attempts a poorly focused attack on the trial court's summary judgment for plaintiff, implying that defendant was never allowed to show the trial court that the separation agreement and property settlement was procured by plaintiff's fraud in plaintiff's "evaluation" of the marital assets, because plaintiff argued to the trial court that such a claim was barred by the statute of limitations. Defendant has not provided this Court with a transcript of the arguments presented to the trial court. Plaintiff's motion for summary judgment does not mention fraud or lack of fraud or the application of any statute of limitations to any such possible claim nor does the judgment of the trial court. This argument therefore does not present any question properly presented for our review and we therefore reject it summarily.

Defendant then attempts to argue in her brief that the agreement was obtained by fraud. The record before us does not reflect that any such issue or question was ever properly raised in the court below; it cannot be raised for the first time here. *Gillis v. Whitley's Discount Auto Sales, Inc.*, 70 N.C. App. 270, 319 S.E.2d 661 (1984).

Our law favors settlements of property disputes between divorcing persons. *Hagler v. Hagler*, 319 N.C. 287, 354 S.E.2d 228 (1987). "A valid separation agreement that waives rights to equitable distribution will be honored by the courts and will be binding on the parties." *Id.* (Citations omitted). The agreement in this case was lengthy, thorough, well-drafted, and contained language which makes it abundantly clear that defendant, who was represented by counsel, entered into the agreement voluntarily, willingly, and with full understanding of its implications pertaining to her entitlement to marital property.

For the reasons stated, the judgment below from which defendant has attempted to appeal must be and is

Affirmed.

Judges LEWIS and WALKER concur.