THEODORE HORTON AND VENERVIA EARLS, ADMINISTRATRIX OF THE ESTATE OF CLINTON B. EARLS, PLAINTIFFS, v. NEW SOUTH INSURANCE COMPANY, DEFENDANT

No. COA95-141

(Filed 16 April 1996)

1. **Appeal and Error § 367 (NCI4th)— check attached to brief—no inclusion in record—no motion to amend record**

The Court of Appeals did not take judicial notice of a check which was not properly part of the record but was physically attached to plaintiff's brief, since plaintiff should have initially proposed to the trial court that the check be included in the record or should have made a motion in the appellate court to amend the record to include the check.

**Am Jur 2d, Appellate Review § 507.**

HORTON v. NEW SOUTH INS. CO.

[122 N.C. App. 265 (1996)]

2. **Assignments § 2 (NCI4th)— unfair and deceptive trade practices—bad faith refusal to settle—breach of fiduciary duty—tortious breach of contract—personal claims not assignable**

The trial court did not err in dismissing plaintiff estate's claims on the ground that they were not assignable, since it is well settled that claims for unfair and deceptive trade practices are not assignable, and plaintiff's claims for bad faith refusal to settle, breach of fiduciary duty, and tortious breach of contract were personal to plaintiff insured and therefore could not be assigned.

**Am Jur 2d, Assignments §§ 7 et seq.**

**Assignability of claim in tort for damage to personal property. 57 ALR2d 603.**

**Assignability and survivability of cause of action created by civil rights statute. 88 ALR2d 1153.**

3. **Notice § 4 (NCI4th)— motions hearing—adequacy of notice**

There was no merit to plaintiff estate's assertion that the trial court erred in proceeding with a motions hearing because notice of the hearing had not been served on its attorney, since defendant served plaintiffs with a notice of hearing on its motions to dismiss on 24 August 1994; the notice stated that the motion was scheduled as a standby motion during the 6 September 1994 session of court and that further instructions as to date and time of the hearing would be forthcoming from the trial court administrator's office; the motions calendar for 4 October 1994 listing the hearing date and time for defendant's motion was delivered to the estate's attorney by placement in his box at the courthouse; such notice was adequate; and any possible error committed in notifying the estate's attorney of this hearing was cured by the rehearing held by the court on its own initiative on 5 October 1994, at which hearing the estate's attorney was given the opportunity to be heard.

**Am Jur 2d, Notice §§ 5-12, 32-40.**

**Record of instrument without sufficient acknowledgment as notice. 59 ALR2d 1299.**

**HORTON v. NEW SOUTH INS. CO.**

[122 N.C. App. 265 (1996)]

Appeal by plaintiff from order entered 7 October 1994 by Judge Henry V. Barnette, Jr. in Durham County Superior Court. Heard in the Court of Appeals 27 October 1995.

*Michaux and Michaux, P.A., by Eric C. Michaux, for plaintiff-appellant.*

*Law Office of Robert E. Ruegger, for defendant-appellee.*

LEWIS, Judge.

On 19 December 1990, the Estate of Clinton B. Earls (hereinafter "the Estate") filed suit against Theodore Horton, the driver of a car which struck and killed Clinton B. Earls on 26 May 1990. After Horton stipulated to liability and a jury awarded damages of $200,000, judgment was entered on 18 October 1993.

On 3 August 1994, the Estate and Horton filed this suit against defendant. Plaintiffs allege that Horton has assigned all of his rights and privileges arising out of this accident to the Estate, including rights he has pursuant to an automobile liability insurance policy (policy number 2811784) issued by defendant that was allegedly in effect at the time of the accident. By order entered 7 October 1994, the trial court dismissed all of the Estate's claims pursuant to N.C.R. Civ. P. 12(b)(1) and 12(b)(6) on the grounds that plaintiff Horton is the real party in interest and that the claims are not assignable. In this order, the trial court also dismissed plaintiff Horton's claim against defendant New South Insurance Company for breach of fiduciary relationship pursuant to Rule 12(b)(6). Only the Estate appeals.

[1] We first address an issue raised in the Estate's brief. The Estate asks us to take judicial notice of a check that is not properly part of the record but is physically attached to its brief. The record does not show that the Estate initially proposed to the trial court that this check be included in the record, nor is there evidence that the Estate moved, under N.C.R. App. P. 9(b)(5), to amend the record on appeal to have it included. The matter is not addressed in the order settling the record on appeal. If it had been and the trial court had refused to include the check, the Estate could have challenged the ruling in its petition for writ of certiorari filed on 2 February 1995. *See Craver v. Craver*, 298 N.C. 231, 237 n.6, 258 S.E.2d 357, 361 (1979). After the case has been docketed in the appellate court, the proper method to request amendment of the record, when the inclusion of the document has not been addressed by a trial court order settling the record

on appeal, is to make a motion in the appellate court to amend the record under N.C.R. App. P. 9(b)(5). The Estate has made no such motion.

The Estate's request in its brief that this Court take judicial notice of the check does not suffice. Motions to an appellate court may not be made in a brief but must be made in accordance with N.C.R. App. P. 37. *Morris v. Morris*, 92 N.C. App. 359, 361, 374 S.E.2d 441, 442 (1988). Even if the motion were properly made, we will not take judicial notice of a document outside the record when no effort has been made to include it. Furthermore, it was improper for the Estate to attach a document not in the record and not permitted under N.C.R. App. P. 28(d) in an appendix to its brief. *See* N.C.R. App. P. 9(a) (stating that review is solely upon the record and transcripts) and N.C.R. App. P. 28(b) (describing proper contents of appellant's brief). We will consider no argument relating to this check in this appeal.

[2] In support of its first assignment of error, the Estate asserts that the trial court erred in dismissing its claims on the ground that they were not assignable. We disagree. The claims alleged are for unfair and deceptive trade practices, bad faith refusal to settle, breach of fiduciary relationship, and tortious breach of contract. We address each.

It is well settled that claims for unfair and deceptive trade practices under N.C. Gen. Stat. section 75-1.1 are not assignable. *See Investors Title Ins. Co. v. Herzig*, 330 N.C. 681, 688, 413 S.E.2d 268, 271 (1992).

We hold that Horton's claims for bad faith refusal to settle, breach of fiduciary duty, and tortious breach of contract are not assignable. An action "arising out of contract" generally can be assigned. *See* N.C. Gen. Stat. § 1-57 (1983). However, assignments of personal tort claims are void as against public policy because they promote champerty. *See Charlotte-Mecklenburg Hosp. Auth. v. Georgia Ins. Co.*, 340 N.C. 88, 91, 455 S.E.2d 655, 657 (1995); *Investors Title Ins. Co.*, 330 N.C. at 688, 413 S.E.2d at 271. Personal tort claims that may not be assigned include claims for defamation, abuse of process, malicious prosecution or conspiracy to injure another's business, unfair and deceptive trade practices and conspiracy to commit fraud. *Investors Title Ins. Co., id.*

Plaintiffs have alleged that defendant acted willfully, wantonly, and in bad faith in refusing to settle the claims against Horton. By

these allegations they seek damages based on tort, not merely on simple breach of contract. *See Dailey v. Integon Ins. Corp.*, 75 N.C. App. 387, ·394-95, 331 S.E.2d 148, 154, *disc. review denied*, 314 N.C. 664, 336 S.E.2d 399 (1985). A claim for tortious, bad faith refusal to settle is more akin to an unassignable claim for unfair and deceptive trade practices than to an assignable claim of breach of contract. The allegations of bad faith make this claim personal to Horton, the insured. It may not be assigned. *See Dillingham v. Tri-State Ins. Co.*, 381 S.W.2d 914, 918-19 (Tenn. 1964).

The claim for breach of fiduciary duty is also personal to the insured because it concerns a special relationship of trust and confidence. This claim cannot be assigned. *See Claire Murray, Inc. v. Reed*, 656 A.2d 822, 824 (N.H. 1995).

Horton's claims for tortious breach of contract are based on allegations that defendant violated its statutory duties under N.C. Gen. Stat. section 58-63-1 *et seq.* and that these violations converted the defendant's actions from simple breach of contract to tortious breach of contract. G.S. section 58-63-1 *et seq.*, which proscribes unfair methods of competition and unfair or deceptive acts or practices in the business of insurance, is closely akin to G.S. section 75-1.1 *et seq.* G.S. section 58-63-1 *et seq.* does not confer a private right of action; however, breach of N.C. Gen. Stat. section 58-63-15 constitutes a Chapter 75-1.1 violation as a matter of law. *See Belmont Land and Investment Co. v. Standard Fire Ins. Co.*, 102 N.C. App. 745, 748, 403 S.E.2d 924, 926 (1991). We conclude that claims based on tortious acts arising from G.S. section 58-63-1 *et seq.*, like those under G.S. section 75-1.1, are unassignable personal torts. *Cf. Investors Title Ins. Co.*, 330 N.C. at 688-89, 413 S.E.2d at 271-72. Accordingly, Horton's claims for tortious breach of contract, as alleged, are not assignable.

Any purported assignment of Horton's claims for unfair and deceptive practices, bad faith refusal to settle, breach of fiduciary duty, and tortious breach of contract to the Estate is void; the claims were properly dismissed.

The Estate also argues that it is entitled to bring these claims independent of Horton's purported assignment, but the amended and restated complaint fails to allege any such independent basis. This reason is not stated in an assignment of error, and the trial court's order of dismissal did not address this issue. The record fails to show that a theory of recovery based on independent claims was presented to the trial court; it cannot be raised for the first time here. *See Topper*

*v. Topper*, 105 N.C. App. 239, 241, 412 S.E.2d 173, 174 (1992). " '[T]he law does not permit parties to swap horses between courts in order to get a better mount in the Supreme Court,' " *In re Housing Authority*, 235 N.C. 463, 468, 70 S.E.2d 500, 503 (1952) (citing *Weil v. Herring*, 207 N.C. 6, 175 S.E. 836 (1934)), nor is this Court a remount station. We hold that these issues are not properly before us.

[3] In its second assignment of error, the Estate asserts that the trial court erred in proceeding with the motions hearing on 4 October 1994 because notice of the hearing had not been served on its attorney. On 24 August 1994, defendant served plaintiffs with a notice of hearing on its motion to dismiss. This notice stated that the motion was scheduled as a standby motion during the 6 September 1994 session of Civil Superior Court and that further instructions as to the date and time of the hearing would be forthcoming from the trial court administrator's office. The trial court found that the motions calendar for 4 October 1994, listing the hearing date and time for defendant's motion, was delivered to the Estate's attorney by placement in his box at the courthouse. Since this attorney was aware that the motion was pending and was on standby, the notice he received of the hearing date and time by means of the motions calendar was adequate. Further, any possible error committed in notifying the Estate's attorney of this hearing was cured by the rehearing held by the court, on its own initiative, on 5 October 1994, at which hearing the Estate's attorney was given opportunity to be heard. This assignment of error is without merit.

Affirmed.

Judges JOHN and SMITH concur.