STATE OF NORTH CAROLINA
v.
DONNA OGBURN
No. COA08-1516
Court of Appeals of North Carolina
Filed July 7, 2009
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Barry H. Bloch, for the State.
Bryan Gates for defendant-appellant.
BRYANT, Judge.
Defendant Donna Ogburn ("defendant") was indicted for eight counts of obtaining property by false pretenses for offenses occurring between 10 June 2005 and 19 July 2005. The eight counts were joined for trial, and on 6 June 2008, a jury found defendant guilty of all eight counts. In accordance with the jury's verdict, the Union County Superior Court entered judgment on each count and sentenced defendant to six terms of 8 to 10 months and two terms of 6 to 8 months in the custody of the North Carolina Department of Correction to be served consecutively. For the reasons stated herein, we find no error in the judgment of the trial court.
The evidence presented at trial tended to show that defendant operated a landscaping business in Union County. In May 2005, Magdalena Mahler hired defendant to provide landscaping services to her recently constructed home. Ms. Mahler initially gave defendant her credit card number and expiration date to pay for the down payment. However, the next day, defendant told Ms. Mahler that her business was not "set up to run credit cards," and Ms. Mahler gave defendant a check in the amount of $3,000.00 for a down payment. Ms. Mahler continued to write checks to defendant, totaling over $12,000.00, but defendant failed to perform the work agreed to. Defendant also used Ms. Mahler's credit card number to make unauthorized purchases from three businesses.
On 6 June 2008, a jury found defendant guilty of eight counts of obtaining property by false pretenses. At the sentencing hearing, defendant stipulated that she had a prior record level of II. The trial court entered judgment sentencing defendant to six terms of 8 to 10 months and two terms of 6 to 8 months in the custody of the North Carolina Department of Correction to be served consecutively. All eight sentences were within the presumptive range. The trial court also ordered defendant to make restitution to Ms. Mahler and three other commercial victims. Defendant appeals.
On appeal, defendant raises only one argument. She contends that the trial court's decision to impose consecutive sentences was based on improper considerations and that her judgments should be reversed and remanded for re-sentencing. We disagree.
"Trial courts have `considerable leeway and discretion in governing the conduct of a sentencing proceeding[.]'" State v. Mead, 184 N.C. App. 306, 310, 646 S.E.2d 597, 600 (2007) (citation omitted). Indeed, "[t]he imposition of consecutive sentences [is] well within the trial court's discretion under the Structured Sentencing Act." State v. Butler, 147 N.C. App. 1, 14, 556 S.E.2d 304, 313 (2001) (finding no error where the trial court explained that it would impose consecutive sentences due to the impact of drugs on the community). "A sentence within the statutory limit will be presumed regular and valid. However, such a presumption is not conclusive." State v. Boone, 293 N.C. 702, 712, 239 S.E.2d 459, 465 (1977). The presumption is overcome "[i]f the record discloses that the court considered irrelevant and improper matter in determining the severity of the sentence." Id. Additionally, our Supreme Court has held that "[a] judgment will not be disturbed because of sentencing procedures unless there is a showing of abuse of discretion, procedural conduct prejudicial to defendant, circumstances which manifest inherent unfairness and injustice, or conduct which offends the public sense of fair play." State v. Pope, 257 N.C. 326, 335, 126 S.E.2d 126, 133 (1962).
Here, defendant's eight consecutive sentences were within the presumptive range for her Class H felonies and prior record level of II. Defendant contends the trial court improperly based its judgment that defendant serve consecutive sentences on defendant's decision to plead not guilty and on her inability to pay restitution.[1] However, the trial court stated, "This happened back in 2005. She's had years to make things right. How much has she paid back to any one of these victims since 2005?" Defendant answered that she had not paid any restitution. The court then inquired into whether defendant would be able to pay restitution that day, and defendant indicated that she could not. Before the court entered judgment, the court asked defendant if she had anything else to say, and defendant responded, "On these cases I did not fraudulently do this work, sir."
Prior to imposing the sentence, the trial court explained its exercise of discretion in the instant case:
I find that there have been eight specific instances where a felony was committed. I find that your level of planning, deliberation, and intent lead me to the conclusion that you do not deserve two felonies for the price of one, so there will be eight sentences in this case.
. . .
I'm making this determination after considering everything your attorney has very diligently set forth, but I decline to follow his request for the reasons I just mentioned. I also find that here we are three years later and you have just been convicted [of] obtaining property by false [pretenses] barely a month ago in Cabarrus County.
. . .
I find that your comments to the Court after this jury spoke show that you have absolutely no remorse, nor any acknowledgment of wrongdoing. I find that you have had three years to try to make this right by the victims and have done absolutely nothing.
On these facts, we hold the trial court did not abuse its discretion, engage in procedural conduct prejudicial to defendant, manifest inherent unfairness and injustice, or offend the public sense of fairness.
We also disagree with defendant's contentions that her sentences violated her constitutional rights. The trial court's dialogue does not reveal an improper motive for the imposition of consecutive sentences. Moreover, we reject defendant's claim that the trial court gave her a more severe sentence because she entered a plea of not guilty. Defendant relies on State v. Boone, 293 N.C. 702, 239 S.E.2d 459 (1977), for this contention.
In Boone, the trial court indicated that it would impose an active sentence if defendant persisted in pleading not guilty and did not accept a lesser plea bargain offered by the State. Id. at 712, 239 S.E.2d at 465. Our Supreme Court held that the sentence imposed was induced by defendant's exercise of his right to a jury trial and vacated the judgment. Id. at 713, 239 S.E.2d at 465. We find Boone readily distinguishable from the instant case.
Here, the trial court indicated that defendant "had three years to make this right." The trial court made no mention of defendant's not guilty plea or defendant's rejection of the State's plea offer. When read in the context of the court's entire explanation, we simply do not find this statement analogous to the improper motive apparent in Boone. Accordingly, we conclude that the trial court's imposition of consecutive sentences did not constitute error.
Finally, we note that the State requests that this Court dismiss defendant's appeal for purported violations of the North Carolina Rules of Appellate Procedure. However, the State has failed to include this request in a separate motion filed pursuant to N.C.R. App. P. 37(a). It is well-established that "[m]otions to an appellate court may not be made in a brief but must be made in accordance with N.C.R. App. P. 37." Horton v. New South Ins. Co., 122 N.C. App. 265, 268, 468 S.E.2d 856, 858 (1996). Therefore, we decline to address the State's motion, because it is not properly before this Court. Id.
No error.
Chief Judge MARTIN and Judge ELMORE concur.
Report per Rule 30(e).
NOTES
[1] The State contends that defendant failed to object and raise any constitutional arguments at trial, and, therefore, her appeal should be reviewed only for plain error. See N.C.R. App. P. 10(b)(1). We disagree, because the purported error occurred at sentencing, not at trial. We have previously stated that "[a]n error at sentencing is not considered an error at trial for the purpose of [Appellate] Rule 10(b)(1) because this rule is `directed to matters which occur at trial and upon which the trial court must be given an opportunity to rule in order to preserve the question for appeal.'" State v. Curmon, 171 N.C. App. 697, 703, 615 S.E.2d 417, 422 (2005) (citation omitted); see also State v. Canady, 330 N.C. 398, 401, 410 S.E.2d 875, 878 (1991)(distinguishing between matters occurring "at trial" and matters occurring during "sentencing"). Accordingly, defendant was not required to object at sentencing to preserve this issue for appellate review.