IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA22-426

Filed 21 February 2023

Buncombe County, Nos. 17 CRS 083195; 17 CRS 086273

STATE OF NORTH CAROLINA

v.

ELEANOR BLACK

Appeal by Defendant from Judgment entered 8 September 2021 by Judge Marvin P. Pope, Jr. in Buncombe County Superior Court. Heard in the Court of Appeals 11 January 2023.

*Attorney General Joshua H. Stein, by Special Deputy Attorney General Jessica V. Sutton, for the State.*

*Jarvis John Edgerton, IV for defendant-appellant.*

HAMPSON, Judge.

**Factual and Procedural Background**

Eleanor Black (Defendant) appeals from Judgment entered 8 September 2021 upon her convictions for Possession of a Stolen Motor Vehicle and Attempted Identity Theft. The Record before us, however, fails to include any record of Defendant's initial sentencing hearing or transcript of Defendant's plea. The Record also fails to include any record of Defendant's first appeal to this Court. Instead, both parties request in their briefs that this Court take judicial notice of the record in Defendant's

first appeal, *State v. Black*, 276 N.C. App. 15, 854 S.E.2d 448 (2021). We decline to do so.

Motions to an appellate court may not be made in a brief but must be made in accordance with N.C.R. App. P. 37. *Horton v. New S. Ins. Co.*, 122 N.C. App. 265, 268, 468 S.E.2d 856, 858, *cert. denied*, 343 N.C. 511, 472 S.E.2d 8 (1996) (citing *Morris v. Morris*, 92 N.C. App. 359, 361, 374 S.E.2d 441, 442 (1988)). "Even if a motion were properly made, we will not take judicial notice of a document outside the record when no effort has been made to include it." *Id.* at 268, 468 S.E.2d at 858. Further, in her brief to our Court, Defendant included the transcript of her plea as an appendix. While our Rules of Appellate Procedure permit an appendix, "it [is] improper for [a party] to attach a document not in the record and not permitted under N.C.R. App. P. 28(d) in an appendix to its brief." *Id.* (citing N.C.R. App. P. 9(a); 28(b)).

The Record before us, including our opinion in Defendant's prior appeal to this Court, tends to reflect the following:

On 17 May 2019, Defendant pled guilty to Attempted Identity Theft and Possession of a Stolen Motor Vehicle. Her plea agreement provided the two Class H felony charges "will be consolidated into [one] judgment for supervised probation[.]" The Restitution Worksheet dated 17 May 2019 provided the amount of restitution owed was $11,000. There is no evidence Defendant challenged this amount in the Record before us. Indeed, Defendant's briefing to this Court reflects Defendant stipulated to this amount of restitution during the original hearing.

In Defendant's first appeal to this Court, she argued: (I) the trial court erred in calculating her prior record level by improperly counting out-of-state misdemeanor convictions without considering whether each conviction was substantially similar to any North Carolina Class A1 or Class 1 misdemeanor; and (II) the trial court erred in entering a civil judgment for attorney's fees because the trial court did not allow Defendant to be heard on the issue. *Black*, 276 N.C. App. at 17, 845 S.E.2d at 451. This Court held that the trial court erred in concluding Defendant's out-of-state offenses were substantially similar to certain North Carolina crimes for sentencing purposes absent comparison of the elements of each statute, and it also erred by imposing attorney's fees without providing Defendant the opportunity to be heard. *Id.* at 21, 845 S.E.2d at 453. As such, the case was remanded for resentencing and the civil judgment of attorney's fees was vacated. *Id.*

The matter came back before the trial court on remand on 9 September 2021. At the hearing, the following colloquy occurred:

> [DEFENSE COUNSEL]: Could we request, Your Honor, that if she financially complies with her probation, she can be transferred to unsupervised probation?
>
> THE COURT: What does the State have to say? Are you talking about paying the attorney fees?
>
> [DEFENSE COUNSEL]: Well, the restitution. I would just ask that given – here would be my argument, Your Honor. She's – Your Honor just gave her a nine-month sentence, which she's already served almost half of. You put her on probation for 36 months. She's already kind of done half of her sentence, which nobody is expecting her to do any more of. We're just trying to set

- 3 -

the situation where if she's successful on probation, she can be transferred to unsupervised probation before the 36 months is up.

THE COURT: That's fine with me as long as the probation officer is agreeable to it. She complies with all other conditions of probation.

[DEFENSE COUNSEL]: Thank you.

THE COURT: I found page 2 out of place . . . Here's the restitution sheet. Okay. $11,000 restitution. Yes, she's got to repay that to [Victim].

THE DEFENDANT: Can I say something?

[DEFENSE COUNSEL]: Hold on a second.

The hearing concluded following this exchange. Defendant was subsequently sentenced to a suspended sentence of 9 to 20 months, with a 36-month period of supervised probation. Defendant was also ordered to pay $11,000 in restitution, consistent with the stipulated amount in the 17 May 2019 Restitution Worksheet. Defendant timely filed written Notice of Appeal on 8 September 2021.

## **Issue**

The dispositive issue on appeal is whether the trial court erred in ordering Defendant to pay restitution in the amount of $11,000.

## **Analysis**

Defendant contends the trial court erred in failing "to hear from Defendant[1] or consider her ability to pay before assessing her $11,000 in restitution." We disagree.

> In determining the amount of restitution to be made, the court shall take into consideration the resources of the defendant including all real and personal property owned by the defendant and the income derived from the property, the defendant's ability to earn, the defendant's obligation to support dependents, and any other matters that pertain to the defendant's ability to make restitution, but the court is not required to make findings of fact or conclusions of law on these matters. The amount of restitution must be limited to that supported by the record[.]

N.C. Gen. Stat. § 15A-1340.36(a) (2021). "Whether the trial court properly considered a defendant's ability to pay when awarding restitution is reviewed by this Court for abuse of discretion." *State v. Hillard*, 258 N.C. App. 94, 98, 811 S.E.2d 702, 705 (2018) (citation omitted). The defendant bears the burden of demonstrating an inability to pay restitution. *See State v. Riley*, 167 N.C. App. 346, 349, 605 S.E.2d 212, 215 (2004) ("Because [defendant] failed to present evidence showing that she would not be able to make the required restitution payments, we find no error.").

The Record before us contains no indication the trial court erred or abused its discretion in ordering Defendant to pay $11,000 in restitution. There is nothing in the Record to suggest Defendant presented any evidence of inability to make the

---

[1] Defendant argues the trial court erred in failing to "hear from defendant", contending N.C. Gen. Stat. § 15A-1340.36(a) requires a trial court to "invite [a] [d]efendant to be heard on her financial ability to pay restitution." As expressly stated in the statute, the trial court is required to "take into consideration" numerous factors when determining the amount of restitution to be made. N.C. Gen. Stat. § 15A-1340.36(a) (2021). However, the statute is silent as to how the court is to obtain knowledge about a defendant's resources, and we decline to adopt Defendant's position.

required restitution payments. Moreover, Defendant concedes she previously stipulated to the $11,000 restitution amount set out in the May 2019 Restitution Worksheet. Thus, on the Record before us, Defendant has not met her burden of demonstrating any inability to comply with the restitution order. Therefore, the trial court did not err in ordering Defendant to pay her stipulated $11,000 in restitution. Consequently, we affirm the trial court's 8 September 2021 Judgment.

### Conclusion

Accordingly, for the foregoing reasons, the trial court did not err or abuse its discretion in ordering Defendant to pay her stipulated $11,000 in restitution, and we affirm the trial court's Judgment.

AFFIRMED.

Judges DILLON and TYSON concur.